# Engle *v.* Patterson, *et al.*

*False Imprisonment and Malicious Prosecution.*

(Decided April 12, 1910. 52 South. 397.)

1. *Appeal and Error; Writ of Error; Voluntary Non Suit.*—In the absence of a statute authorizing it neither an appeal nor a writ of error will lie from a voluntary non suit.

2. *Same; Non Suit; Decisions Reviewable.*—Section 3017, Code 1907, does not authorize an appeal by bill of exceptions or on the record from a voluntary non suit nor authorize a review of questions or rulings which did not superinduce the non suit, and the party suffering the non suit is not entitled to review of rulings anterior in time to one causing the non suit, and hence, where a plaintiff suffered a non suit on account of a ruling of the court on a question of evidence and took a bill of exception thereon he was

[Engle v. Patterson, et al.]

not entitled to review the rulings of the court on the pleadings and on a motion for a continuance.

3. *Evidence; Best and Secondary; Predicate.*—Where plaintiff failed to lay a proper predicate by showing that the original affidavit and warrant were not available, secondary evidence of the affidavit and warrant of arrest was properly excluded, the action being for false imprisonment and malicious prosecution.

4. *False Imprisonment and Malicious Prosecution; Pleading and Proof.*—Where the plaintiff failed to introduce the affidavit on which the prosecution was commenced, and the warrant, the court did not err in excluding all of the evidence where the action was for false imprisonment and malicious prosecution, in which plaintiff alleged that the defendant preferred a charge against him.

APPEAL from Walker Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by J. M. Engle against M. F. Patterson and others for false imprisonment and malicious prosecution. Judgment for defendants, and plaintiff appeals. Affirmed.

A good many rulings are invoked on the pleadings; but they are unnecessary to be here set out, in view of what is said in the opinion. It appears, after the trial was entered upon, the plaintiff stated that, the action being for false imprisonment, under the rulings of the court it was necessary for them to procure a certain void affidavit and warrant, upon which the plaintiff was arrested at the instance of the defendant, and that these papers were issued by T. L. Simpson, a certain justice of the peace, and that they had ordered a subpœna duces tecum issued to said Simpson, requiring him to produce his docket, and also the affidavit and warrant, but that for some reason the justice had neither the docket nor the paper with him, and hence they desired the case postponed until the papers could be obtained. The court declined to grant the request, and required the plaintiff to go to trial, whereupon they attempted in various ways to show the contents of the affidavit and warrant, and of the trial had upon said affidavit and warrant. No effort seems to have been made to show

[Engle v. Patterson, et al.]

by Simpson or any one else, that the warrant and affidavit had been lost and destroyed. The court declined to permit proof of the papers or of the docket, and as a consequence plaintiff took a nonsuit, with bill of exceptions.

JOHN R. SAMPLE, and WERT & LYNNE, for appellant. Counsel discuss the action of the court in its rulings on the pleadings and on motion for a continuance, but in view of what is said of the opinion, it is not deemed necessary to here set it out. There was a sufficient predicate for the introduction of secondary evidence of the warrant and affidavit.—2 Enc. of Evid. 345. Under the testimony in this case it was not necessary for the plaintiff to introduce the warrant and affidavit under the 1st count of the complaint.—*Holly v. Carson*, 39 Ala. 345; *Rhodes v. King,* 52 Ala. 272. The matters sought from counsel were not privileged under either sections 3962 or 4012 of the Code of 1907.

CALLAHAN & HARRIS, for appellee. The appeal will not lie in this case.—Section 3017, Code 1907; *Long v. Holly,* 47 South. 655. A party will not be permitted to lead the court into error and profit thereby.—*Travis v. Sloss-S. Co.,* 50 South. 108. The action of the court in refusing continuance is not revisable, as only such questions as are numerated in the statute can be reviewed by this court on appeal.—*Dundee M. & P. Co. v. Nixon,* 95 Ala. 318. No predicate was laid for the admission of secondary evidence of the affidavit and warrant.— *Mooney v. Hough,* 84 Ala. 87; *Potts v. Coleman,* 86 Ala. 101. There was no error in excluding all of plaintiff's evidence because count 1 did not state a cause of action, and the other counts were not supported by the evidence.—81 Wis. 578; 60 N. Y. Supp. 282.

ANDERSON, J.—In the absence of a statutory provision authorizing it, a writ of error, or appeal, would not lie from a voluntary nonsuit, or a nonsuit taken by the plaintiff in consequence of adverse rulings of the court.—*Rogers v. Jones,* 51 Ala. 354. The statute, however, which has existed for many years, originally authorized the review of a ruling when the plaintiff suffered a nonsuit in consequence thereof, when the fact, point, or decision was reserved by bill of exceptions. This court, in construing this statute, has repeatedly held that it related exclusively to rulings of the court which could only be properly introduced into the record by bill of exceptions, and that the rulings of the court upon the pleadings were not within the purview of the statute.—*Prichard v. Sweeney,* 109 Ala. 653, 19 South. 730. The statute was amended by the act of 1903, and now appears as section 3017 of the Code of 1907, which is as follows: "If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling, or decision may be reserved for the decision of the Supreme Court by bill of exceptions or by appeal on the record as in other cases." While the statute as amended extends the right to review on appeal from a nonsuit to pleadings as well as points that should properly be introduced by bill of exceptions, it was not the intent or policy of the lawmakers to authorize the review of questions or rulings which did not superinduce the nonsuit. In other words, if there is an adverse ruling to the plaintiff on the pleading, he can suffer a nonsuit and review, by appeal, the ruling on the pleading. Or if he gets beyond the pleading and takes a nonsuit because of adverse ruling on the evi-

dence, he can upon appeal review the ruling upon the evidence, or if the giving of a charge causes him to take a nonsuit he can review the action of the court in that respect; but he cannot use a nonsuit so as to review rulings anterior to the one causing the nonsuit, and is confined to the right to assign error only as to the ruling which superinduced the "nonsuit." This statute was not intended to authorize a plaintiff to escape a final judgment by taking a nonsuit, perhaps on the last ruling, and then review all anterior adverse rulings, but was intended to enable a review upon appeal only the ruling causing the nonsuit. To hold otherwise would enable a plaintiff to go on with a case and at the last moment, owing to an adverse charge of the court, take a nonsuit and escape a final judgment, but, upon appeal, review all the rulings in the same manner as if there had been a final judgment against him. The judgment entry and the bill of exceptions in the present case each recite that the nonsuit was taken in consequence of the adverse ruling of the court on the evidence, and we must consider only the rulings on the evidence, and not those which did not cause the nonsuit. We therefore decline to consider the assignments relating to the rulings on the pleading. Nor can we consider the action of the trial court in not allowing a continuance of the cause.—*Dundee v. Nixon,* 95 Ala. 318, 10 South. 311.

The trial court cannot be put in error for not permitting secondary proof of the affidavit and warrant of arrest, as a proper predicate was not shown. For aught that appears, Simpson had them at home, and it does not appear that the proper efforts were made to get them to court. There was no proof that a duces tecum had been issued directing him to have them at this term of the court. Counsel stated that a duces

tecum had been ordered, but this was not done under oath or as a witness, and was not proof of the predicate.

In the absence of the affidavit and warrant the plaintiff did not make out a prima facie case, and the trial court did not err in excluding all of the plaintiff's evidence. It is insisted that there was prima facie evidence to support count 1, but we think not. There may have been evidence of the warrant and affidavit connecting the defendants with the arrest, but said count avers that they caused him to be arrested upon a charge, and the proof showed that the charge was preferred in writing, and under the averment of the complaint, the arrest must have been made on a charge, and the charge should have been proven by the best evidence. For the same reason, there was no injury to the plaintiff in the exclusion of the evidence of Harris, whether a privileged communication or not, as the prosecution of the case did not suffice to relieve the plaintiff from proving the arrest as charged in his complaint.

The judgment of the law and equity court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.

