[Corn Products Refining Co. v. Dreyfus Bros.]

# Corn Products Refining Co.
# v. Dreyfus Bros.

*Assumpsit.*

(Decided Jan. 11, 1912.   57 South. 517.)

1. *Dismissal and Non Suit; Record; Necessity.*—Where non suit is taken voluntarily, the necessity for the same as authorized by section 3017, Code 1907, must appear from the record in order to support an appeal to secure a review of the order rendering the non suit necessary.

2. *Same; Decisions Reviewable; Appeal.*—Under section 3017, Code 1907, the ruling of the court requiring the plaintiff to file its answers to interrogatories propounded to it by defendant, by January 1st, next, to which date the case was continued, was not a ruling relating to the pleadings, evidence or instruction so as to bring it within the statute.

3. *Same; Voluntary Non Suit.*—In the absence of a statute, an appeal will not lie from a voluntary or involuntary non suit.

4. *Same; Voluntary Non Suit.*—Where an appeal is taken from a voluntary non suit under section 3017, Code 1907, only the ruling compelling such a non suit will be reviewed on appeal.

5. *Judgment; Non Suit; Time.*—Where a judgment of non suit was taken in open court on plaintiff's motion made in term time, and allowed by the court, it was a valid judgment against plaintiff although not taken on the day the case was set for trial.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Assumpsit by the Corn Products Refining Company against Dreyfus Bros.   Plaintiff took a nonsuit with bill of exceptions and appealed.   Appeal dismissed.

BALL & SAMFORD, for appellant.   Counsel set out and discuss the pleadings and the action of the court thereon with citation of authority, but in view of the opinion it is not deemed necessary to here set them out.   The plaintiff was entitled to a non suit will bill of exceptions under section 3017, Code 1907, as the ruling of the court was on the evidence in the case.—*Scheidegger v. Terrill,*

34 CA.

39 South. 172. It seems conclusive that one of three things must be done in this case. 1st, the application for a revisory writ must be considered and the record properly presents that question.—*Ex parte Hill,* 165 Ala. 365; *Ex parte Tower M. Co.,* 103 Ala. 415; or the appeal must be held to be not properly taken; or this court must hold that the plaintiff will have adequate relief by appeal from the judgment which the lower court may enter after Jan. 1st, dismissing or non suiting the plaintiff for failure to answer interrogatories, 14 Cyc. 426; *Herndon v. Gibbons,* 16 Ala. 268. On the questions raised by the pleadings see generally.—*Bessire & Co. v. Corn P. M. Co.* in MSS. Ind. App.

STEINER, CRUM & WEIL, and COLEMAN, DENT & WEIL, for appellee. The appeal should be dismissed, for in the absence of a statute the plaintiff who takes a voluntary non suit cannot have the ruling of the trial court reviewed either on appeal or by writ of error.—*Rogers v. Jones,* 51 Ala. 354; *Perry v. Dana,* 74 Ala. 487; *Levishon v. Edwards,* 79 Ala. 294. The appeal was not authorized by section 3107, Code 1907.—*Darden v. James,* 48 Ala. 35; 20 Mo. App. 226; 52 Miss. 180; 26 Mich. 391; 14 Enc. P. & P. Counsel discuss the merits of the appeal but in view of the opinion it is not deemed necessary to here set it out.

DE GRAFFENRIED, J.—The appellee, under the provisions of section 4049 of the Code, filed interrogatories to the appellant. The appellant filed in the cause what it claimed was a proper answer to the interrogatories; but it did not answer all of the questions contained in the interrogatories. It gave as its reasons for failing to answer all of the questions that some of the questions it was unable to answer, and that the other questions

not answered called for matters not pertinent to the issues in the cause.

Section 4055 of the Code provides that if the answers to such interrogatories are not filed within 30 days after service of a copy of the interrogatories, or when the answers are not full, or are evasive, the court may either attach the party and cause him to answer fully in open court, or tax him with such costs as the court may deem just, and continue the cause until full answers are made, or *direct* a non suit or judgment by default, or render such judgment or decree as would be appropriate if such defaulting party offered no evidence. The appellee filed in the cause, on the 9th day of January, 1911, a motion to direct a nonsuit of the plaintiff in said cause, or that the plaintiff be attached and required to answer fully in open court, or be taxed with so much costs as might appear to be just, and the cause continued until it made full answers to said interrogatories. This motion was heard by the court on December 14, 1911, and the counsel for the appellant stated to the court that if the appellant would answer the interrogatories at all it could answer them before January 1, 1912. Thereupon the court made an order requiring the appellant "to file its answers to the said interrogatories on or before January 1, 1912." The bill of exceptions then recites that "thereupon, immediately upon said judgment being rendered, the plaintiff stated to the court that, on account of said adverse ruling and judgment requiring it to answer said interrogatories on or before January 1, 1912, it had become necessary for it to suffer a nonsuit, and that it would accordingly take a nonsuit, and thereupon it took a nonsuit, with leave to present and have allowed and signed a bill of exceptions to reverse said ruling and judgment for the decision of the Supreme Court, and said nonsuit was accordingly entered by the court in said cause."

1. The only source of right to appeal from a judgment of nonsuit, voluntarily taken, is found in the Code of 1907, § 3017, which provides that if, from any ruling or decision of the court on the trial of a cause, either upon *pleadings*, admission, or rejection of *evidence*, or upon *charges* to the jury, it may become necessary for plaintiff to suffer a nonsuit, the plaintiff may take such nonsuit, and, in the manner provided by the statute, have the particular adverse ruling which created the necessity for the nonsuit reviewed by an appellate tribunal. The defined necessity for such nonsuit must be shown by the record, in order that the right to appeal may appear.—*Long v. Holley et al.,* 157 Ala. 514, 47 South. 655.

In the case of *Scheidegger v. Terrill,* 39 South. 172, the Supreme Court held that the sustaining of a motion made by the defendant, after the plaintiff has announced readiness for trial, to suppress depositions taken by the plaintiff is a "decision of the court on the trial," within the meaning of section 3017 of the Code; and that the plaintiff in such a case may, on account of the suppression of depositions, take a nonsuit with bill of exceptions and appeal from such ruling. In that case, there was a ruling of the court on the *admission* or *rejection* of evidence, in that the court suppressed certain depositions which the plaintiff had taken as a part of his testimony, and which he had a right to use, unless suppressed, as a part of his evidence in the cause.

In the present case, the court simply continued the case to January 1, 1912, with an order that the plaintiff, by that time, file its answers to the interrogatories propounded to it by the defendant, which answers, if filed, could, at the election of the defendant, and at his election only, become evidence on the trial to be had on January 1, 1912. In other words, the plaintiff in this case

took its nonsuit because, as stated by it, "on account of said adverse ruling and judgment requiring it to answer said interrogatories on or before January 1, 1912, it had become necessary for it to suffer a nonsuit." The nonsuit was not taken because of any ruling upon the *pleadings,* or because of any ruling upon the *admission* or *rejection* of evidence, or upon *charges* to the jury, which are the *only* grounds named by the only statute authorizing an appeal in *any* case from a judgment taken upon a voluntary nonsuit, but upon an entirely different ground, and a ground not named in the statute, viz., because of the court's order requiring the plaintiff to answer certain interrogatories by a day named.

"In the absence of a statutory provision authorizing it, a writ of error or appeal would not lie from a voluntary nonsuit, or a nonsuit taken by the plaintiff in consequence of the rulings of the court."—*Rogers v. Jones,* 51 Ala. 354; *Engle v. Patterson,* 167 Ala. 117, 52 South. 397.

When an appeal is taken from a judgment entered upon a voluntary nonsuit, under the provisions of the above-mentioned section 3017 of the Code, the appellant is confined, on his appeal, to the ruling superinducing the nonsuit, and to that ruling only.—*Engle v. Patterson,* 167 Ala. 117, 52 South. 397.

As the particular ruling of the trial court which caused the plaintiff to take a nonsuit in this case was not a ruling which our statute has fixed as one from which a plaintiff taking a nonsuit can appeal, the result follows, necessarily, that when the plaintiff took its nonsuit, as it was not protected by the statute, it ceased to have a case in court.—*Engle v. Patterson,* 167 Ala. 117, 52 South. 397.

2. The nonsuit was taken in open court, upon motion of the plaintiff, in term time, allowed by the court, and

this being true the judgment of nonsuit was certainly, as against the plaintiff, a valid judgment, whether rendered upon a day when the case was set down for trial or not.

3. As the appellant has no case in court, we are without authority to review any of the questions which it has attempted to present to us. No greater calamity could befall a state than that which would result if its courts should in any way knowingly undertake to exercise authority over matters concerning which they are wanting in jurisdiction.

It follows from what we have above said that this appeal must be dismissed.

Dismissed.