# *Ex Parte* Martin, *et al.*

### *Assumpsit.*

(Decided April 8, 1913. 61 South. 905.)

1. *Dismissal and Non-Suit; Review; Record.*—In order to authorize a review of an order granting a non-suit, it is essential that such action became necessary because of some of the matters provided for in section 3017, Code 1907, but it is not necessary that this appear in the exact language of the statute; it appeared sufficiently where it was disclosed by the record that the action was on an officer's bond, and that the court sustained the demurrer to the complainant for a defect which affected plaintiff's whole right of action.

2. *Same; Final Judgment.*—While a judgment in a voluntary non-suit is not final in the sense of res adjudicata, it is final in the sense of the statute authorizing appeals from final judgment.

3. *Municipal Corporations; Officers; Bonds; Actions on.*—In an action on the bond of the town marshal for a failure to pay over and

account for taxes and other money belonging to the town and collected by him, the complaint was not defective for failure to plead the ordinance of the town, creating the office of town marshal in order to show that defendant was such marshal or that the town had authority to elect him, etc.; it being sufficient that the bond sued on was the official bond of the town marshal, that defendant occupied such office and had committed certain specified breaches.

CERTIORARI to Court of Appeals.

Petition by A. L. Martin, and others, for certiorari to the Court of Appeals to review their judgment and decision reversing the trial court in the cause of *Town of Clayton v. A. L. Martin et al.,* reported in 7 'Ala. App. 190; 60 South. 963. Certiorari denied.

EVANS & PARRISH, for appellant. In the absence of statutory provision, a writ of error or appeal will not lie from a voluntary non suit or non suit taken in consequence of adverse rulings.—*Vane v. Bird,* 1 Stew. 189; *Rogers v. Jones,* 51 Ala. 453; *Tate v. McCrary,* 21 Ala. 499. Since the passage of the act of February 6, 1846, a writ lies only where the record shows that the non suit was taken in consequence of a decision of the court adverse to the rights of plaintiff.—*Long v. Holly,* 47 South. 655; *Duncan v. Hargrove,* 22 Ala. 150. This appeal, therefore, should have been dismissed ex mero motu.—*Parrish v. Galloway,* 34 Ala. 163. In any event, the demurrers were properly sustained to the complaint as it nowhere appears in the complaint or otherwise that there was such an office as town marshal, and there can be no such thing as a de facto officer in the absence of de jure office.—*King L. Co. v. Crowe,* 155 Ala. 504; 92 N. W. 420; 75 N. W. 901; 8 Nev. 276; 28 Atl. 82; 24 Ky. 206; 26 Pac. 1025; 118 U. S. 425. Under section 1067, it was incumbent upon the town of Clayton, which because of its name will be presumed to have less than 2,000 inhabitants, to create the office of marshal and provide its duties, and unless it appears that this has

been done, the courts cannot judicially know that there was such an officer.—*Case v. Mayor of Mobile,* 30 Ala 538; Dillon Mun. Corp., sec. 639. Ordinances must be specially pleaded.—4 Mayf. 346.

GEORGE W. PEACH, and T. M. PATTERSON, for appellee. The writ should be denied on the authority of *Town of Clayton v. Martin,* 7 Ala. App. 190, and the authorities therein cited.

MAYFIELD, J.—This is a petition for certiorari to the Court of Appeals. The action in the trial court was by the town of Clayton against the petitioners as sureties on the bond of the town marshal.

The trial court sustained a demurrer to the complaint, and the town took a nonsuit and appealed to the Court of Appeals. On the appeal there was a reversal and remandment by the Court of Appeals, and the certiorari prayed is to revise that judgment and decision.

It is earnestly insisted that there was no judgment in the trial court which would support an appeal; that the Court of Appeals never acquired any jurisdiction; and, for that reason, that its judgment is absolutely void.

In support of this contention it is urged that section 3017 of the Code does not apply, for the reason that it was not made to appear that "it became necessary for plaintiff to suffer a nonsuit." It is very true that, in order to revise rulings of courts after voluntary nonsuit, this much must be made to appear by the record proper, or by the bill of exceptions, because it is upon this condition only that the statute authorizes the review on appeal. It does not follow, however, that this must be made to appear in the exact language of the statute, or of any of the decisions construing it. The

record is sufficient to authorize the revision if it is made reasonably certain thereby that the nonsuit was rendered necessary in consequence of the adverse ruling. This, we think, was done in this case. The action was on a bond, and the trial court sustained a demurrer thereto which went to the whole right of action, not to the mere form, so all that was left for the plaintiff to do was to take the nonsuit or suffer judgment. It chose the former, and, we think, correctly.

Section 3017 is not intended to, and does not, confer any additional rights of appeal otherwise than to authorize certain rulings of the court, after a voluntary nonsuit, which would not, without the statute, be revisible.

The judgment in question (and in most nonsuits) is final, in such sense as to support an appeal, but for the fact that, without the statute in question or a similar one, appellate courts will not review judgments taken voluntarily or by consent. Such judgments, of course, are not final in the sense of res judicata; yet they are final in the sense used in the statute authorizing appeals from final judgments. This is made certain by STONE, J., in the case of *Wood v. Coman,* 56 Ala. 283, 287, which was an appeal from a nonsuit. He says: "We think the judgment in this cause must be regarded as final. It was a final disposition of the cause, under section 2759 of the Revised Code. The judgment entry unnecessarily contains the words, 'unless the Supreme Court shall reverse the ruling of this court and set aside said nonsuit.' The nonsuit had put the case out of the court, and after the adjournment of the term the circuit court no longer had jurisdiction of the cause. The added clause seems to have had only the aim—it certainly had only the effect—of anticipating what would be the result if this court should reverse the ruling of

the circuit court and set aside the nonsuit. It did not retain the cause in the court below; and any order in that court, made after the adjournment of that term, would have been irregular. The motion to dismiss the appeal is overruled." Consequently there could be no question about the Court of Appeals having acquired jurisdiction of the appeal.

It is next insisted that the decision and judgment of the Court of Appeals is erroneous in reversing the judgment of the trial court and remanding the cause.

The action was in form on the official bond of one Houston, alleged to be the marshal of the town of Clayton. The breaches alleged were that as such marshal he collected taxes and other moneys belonging to and due the city, and failed to pay over or account for the same. It is claimed that the complaint was insufficient, because it failed to sufficiently show that Houston was such marshal, or that the town had authority to elect him, or that there was in fact any such office as that of town marshal. It is contended that the complaint should have set out the ordinance of the town which created or provided for the office of town marshal, for the reason that the municipal code does not create the office or provide for the election, but only authorizes it to be done by an ordinance. While all this may be necessary to create the office and to fill it, every complaint against such an officer or his sureties is not required to set out all the ordinances relating thereto, either in haec verba or in substance. It is necessary for declarations or complaints to allege only the facts, and not the evidence necessary to prove such facts.

The complaint in this case does allege all the facts which are necessary to support this action, and it is not necessary that it set forth, either in substance or in words, the record or documentary evidence necessary

to prove the facts alleged. The action is based on a bond, not on the ordinances. It is not at all necessary that the complaint mention the ordinance creating the office or providing for the election. These are matters which, if at all important, will be shown by the evidence, or by appropriate subsequent pleadings; but they are not necessary to the complaint.

The complaint alleged that the bond sued upon was an official bond of the town marshal, and alleged all facts, including breaches of the bond, necessary to make the defendants liable as sureties on such obligation; and especially is this true in view of our statutory provisions as to the legal effect and the conditions of all official bonds.

Sections 1500 and 1501 of the Code provide as follows:

"Sec. 1500. Every official bond is obligatory on the principal and sureties thereon.

"1. For every breach of the condition during the time the officer continues in office, or discharges any of the duties thereof.

"2. For the faithful discharge of any duties which may be required of such officer by any law passed subsequently to the execution of such bond, although no such condition is expressed therein

"For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or the improper or neglectful performance of those duties imposed by law.

"4. The words 'For the use and benefit of every person injured,' as used in subdivision three, shall include all persons having a direct and proximate interest in the official act or omission, and all persons connect-

ed with such official act or omission by estate or interest.

"Sec. 1501. The bonds of all officers required to give bond shall be conditioned in the following form, to wit: "Whereas, the above bound A. B. was duly elected (or appointed) to the office of —————— on the —————— day of ——————, for the term of —————— years from the —————— day of ——————: Therefore, if he shall faithfully perform and discharge all the duties of said office during his continuance therein, then the above obligation to be void."

"But a failure to observe the form herein prescribed shall not vitiate any official bond, and all official bonds shall be valid and binding in whatever form they may be taken, except so far as they may be conditioned for the performance of acts in violation of the laws or policy of the state; and whether in the proper penalty or without any penalty, or whether correct or incorrect in its recitals as to the term of office or otherwise, or whether properly payable, or whether approved by the proper officer or not approved by any, or if irregular in any other respect, such bond, if delivered as the official bond of the officer, and serving as such, shall be obligatory on every one who subscribed it for the purpose of making the official bond of such officer to the full penalty, or, if it have no penalty, to the full penalty of the bond which might have been required."

It therefore follows that the writ of certiorari must be denied. Certiorari denied.

ANDERSON, McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur. DOWDELL, C. J., and DE GRAFFENRIED, J., not sitting.