# Schillinger *v.* Wickersham.

### Assumpsit.

(Decided April 15, 1917.   75 South. 11.)

1. **Appeal and Error; Appeal from Nonsuit with Bill of Exceptions; Statute.**—Under Code 1907, § 3017, providing that if, from any ruling or decision of the court on the trial of the cause, either upon pleadings, admission, or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling, or decision may be reserved for the decision of the Supreme Court by bill of exceptions or by appeal on the record as in other cases, when a nonsuit is taken with bill of exceptions and appeal is perfected, there is presented for decision the ruling of the court that made it necessary for the plaintiff to suffer such involuntary nonsuit; i. e., such nonsuit with bill of exceptions does not present for review all of the rulings theretofore made by the court on the pleadings or on the introduction of evidence, but only that ruling or rulings going to plaintiff's right to proceed in his effort for recovery, although where several adverse rulings taken together superinduced the nonsuit, and such fact or necessity is apparent by the record or bill of exceptions, such adverse rulings will be considered on appeal.

2. **Appeal and Error; Review; Demurrer; Confession.**—In a suit on notes, where plaintiff confessed demurrer, and amended by permission in conformity with the demurrer, which was sustained, he cannot obtain by his nonsuit a review of the ruling of the trial court on the demurrer, or at least a review of the ruling as to the two grounds of demurrer confessed.

3. **Bills and Notes; Pleading; Demurrer.**—In a suit on notes dated in Georgia, plaintiff averred that the instruments were received by him before they were due, and without notice of any defect or defense; that under the law of Georgia indorsers of promissory notes not negotiable at a chartered bank are liable on their indorsement without notice of nonpayment; that the notes sued on were not negotiable at any designated place; that the residences of the makers were at the times of purchase and maturity unknown to plaintiff; and that the instruments were indorsed by defendant to lend his credit to the maker to enable the latter to raise money on the notes. Held, that the averment was an excuse under the law of Georgia for failure to aver giving notice of nonpayment of the notes to defendant, a mere surety, and that the count was not subject to the demurrer directed to the phase of the case that plaintiff did not aver the giving of notice of nonpayment to a surety.

4. **Bills and Notes; "Indorser;" "Surety;" Lending Credit.**—One who indorsed notes to lend his credit to the maker to enable the latter to raise money on the notes was a surety rather than an indorser.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Assumpsit by E. L. Schillinger against C. A. Wickersham. Because of adverse ruling plaintiff took a non-suit and appealed. Reversed and remanded.

[Schillinger v. Wickersham.]

·A. & F. B. LATADY for appellant.   A. G. & E. D. SMITH and
GARBER & GARBER for appellee.                 .        ·

THOMAS, J.—On account of adverse rulings of the court the
plaintiff took a nonsuit with bill of exceptions.   It is clear from
an inspection of the record that on the last ruling on demurrer
to the complainant it became necessary for plaintiff to suffer non-
suit.   This ruling is not reserved for the decision of the Su-
preme Court by bill of exceptions, but by an appeal on the record,
as in other cases.   The statute is as follows:   "If, from any
ruling or decision of the court on the trial of a cause, either
upon pleadings, admission or rejection of evidence, or upon
charges to the jury, it may become necessary for the plaintiff to
suffer a nonsuit, the facts, point, ruling, or decision may be
reserved for the decision of the Supreme Court by bill of excep-
tions or by appeal on the record as in other cases."—Code 1907,
§ 3017; Gen. Acts 1903, p. 34.

This statute has been recently construed by our court in the
cases of *Priebe v. Southern Railway Co.,* 189 Ala. 427, 435, 66
South. 573, and *Engle v. Patterson,* 167 Ala. 117, 52 South. 397.
In *Alabama Great Southern Railroad Co. v. Altman,* 191 Ala. 429,
67 South. 589, demurrer to the original complaint having been
sustained and plaintiff having amended his complaint, it was
held that the action of the trial court in sustaining the demurrer
to the original complaint was not for review, when the nonsuit
with bill of exceptions was taken in consequence of the court's
subsequent rulings on the evidence.   In *Berlin Machine Works v.
Ewart,* 184 Ala. 272, 63 South. 567, the *Engle Case* was dis-
cussed; and it was declared that where the record shows that
the adverse rulings of the court on the pleading—on demurrers
to both pleas and replications—were the cause of the nonsuit,
such rulings will be reviewed on appeal.   In *Ex parte Martin,*
180 Ala. 620, 61 South. 905, speaking of the necessity of the
plaintiff to suffer the nonsuit, the court said:   "In support of
this contention it is urged that section 3017 of the Code does
not apply, for the reason that it was not made to appear that
'it became necessary for plaintiff to suffer a nonsuit.'   ·It is very
true that, in order to revise rulings of courts after voluntary
nonsuit, this much must be made to appear by the record proper,
or by the bill of exceptions, because it is upon this condition only
that the statute authorizes the review on appeal.   It does not

follow, however, that this must be made to appear in the exact language of the statute, or of any of the decisions construing it. The record is sufficient to authorize the revision if it is made reasonably certain thereby that the nonsuit was rendered necessary in consequence of the adverse ruling."—*Guiler v. U. S. Cast-Iron Pipe & Foundry Co.*, 197 Ala. 233, 72 South. 498.

(1) It is thus made clear that when a non-suit is taken with bill of exceptions, and appeal is perfected, there is presented for decision under the statute (Code, § 3017) the "ruling of the court" that made it necessary for the plaintiff to suffer such involuntary nonsuit. That is to say, such nonsuit with bill of exceptions does not present for review all of the rulings theretofore made by the court on the pleadings, or on the introduction of evidence, as the case may be, but only that ruling or rulings going to the right of the plaintiff to proceed in his effort for recovery. Of course, where several adverse rulings, taken together, superinduced the nonsuit, and such fact or necessity is apparent by the record or the bill of exceptions, such adverse rulings will be considered on appeal.—*Berlin Machine Works v. Ewart, supra*, 184 Ala. 279, 63 South. 567.

Does the record in the instant case show that sustaining the demurrer to the complaint as amended went to the "whole right of action," or that it extended only to the mere form in which the action is brought?

The first count of the complaint declared on two promissory notes made, and payable on the dates indicated, with interest at 6 per centum. On October 27, 1913, the defendant demurred on the several grounds assigned, from 1 to 6, inclusive. By the minute entry of this date it is recited: "Came the parties by their attorneys; by leave of the court first had and obtained, defendant withdraws plea and demurs to the complaint, and plaintiff confesses demurrers 5 and 6."

After this confession of said grounds of demurrer, to the effect that count 1 did not allege that said notes were protested for non-payment at maturity, nor that defendant had any notice of the nonpayment or of the dishonor of said notes at maturity, on October 27, 1913, plaintiff amended said count by setting out the notes on which suit was brought. Said notes were dated at Atlanta, Ga., were payable to the order of Ben F. Barbour, in amounts indicated, stipulated interest from date at the rate of 6 per cent. per annum, and contained the usual provisions for

costs of collection and attorney's fees, together with the clause waiving all homestead and exemption rights that the maker might have under the Constitution or laws of the State of Georgia or those of the United States as against the notes or any renewal thereof. These notes were purported to be signed by "California Consolidated Mines Co., by N. J. Morphy, Pres't," and bore indorsements on the back thereof as follows:

"N. J. Morphy."

"Ben F. Barbour, without recourse."

"T. H. Spencer."

"C. A. Wickersham."

Up to this stage of the pleading, as to count 1, the subsequent taking of the nonsuit presented no question for review, since plaintiff had confessed grounds of demurrer thereto. To count 1 as amended defendant's demurrers were overruled. Thereafter, by leave of the court, plaintiff again amended said count by striking the copies of said notes and indorsements thereon, made a part thereof by the first amendment. Defendant refiled demurrers that were overruled. Thus was count 1 restored to the form in which it was originally filed, and in which it stood when demurrers thereto were confessed by the plaintiff. Later, the court sustained demurrers to the complaint as a whole.

(2) The plaintiff will not be permitted to put the court in error (if error was committed) for sustaining the grounds of demurrer thereto confessed when plaintiff sought and obtained permission of the court to amend in conformity with the demurrer. In *Talley v. Whitlock*, 199 Ala. 12, 73 South. 976, it was held that, having induced the court to a given course of action, the party inducing the action will not be allowed to predicate reversible error thereon. On the same reason, plaintiff in the instant case, having confessed demurrer, would be prevented from obtaining, by his nonsuit, a review of the ruling of the trial court on the demurrer to count 1, or at least a review of that ruling as to the two grounds of demurrer confessed.

The second count as originally filed reads: "The plaintiff claims of the defendant $8,000 due by two promissory notes each in the sum of $4,000, made by the California Consolidated Mines Company and payable to Ben F. Barbour, which several notes, before negotiation by said Barbour were indorsed by the defendant, and were by the said Barbour indorsed to the plaintiff. And the plaintiff avers that the said two notes were so indorsed by

the defendant for the purpose of lending his credit to the said California Mines Company and to enable it to raise the money on the said two notes, both of which were for value purchased by the plaintiff on the faith of the said indorsement of the defendant on the said two notes. Plaintiff avers that the said two notes with the interest thereon are still unpaid."

The following was on May 27, 1914, added to said count 2 by way of amendment:

"Plaintiff avers: That under the laws of Georgia, section 3688 of the Code of Georgia, which reads as follows: 'Sec. 3688 (2781). *Protest and Notice.*—When bills of exchange and promissory notes are made for the purpose of negotiations, or intended to be negotiated at any chartered bank, and the same are not paid at maturity, notice of the non-payment thereof, and of the protest of the same for non-payment, or nonacceptance, must be given to the indorser thereon within a reasonable time, either personally or by post (if the residence of the indorser be known), or the indorser will not be held liable thereon; but it shall not be necessary to protest in order to bind indorsers, except in the following cases, to-wit: 1. When a paper is made payable on its face at a bank or banker's office. 2. When it is discounted at a bank or banker's office. 3. When it is left at a bank or banker's office for collection; and in all such cases, days of grace shall be allowed'—it was not necessary to protest the said note in order to bind the defendant, as an indorser. That under the laws of Georgia, section 3682 of the Code of Georgia: 'Sec. 3682 (2776). *Bonds, etc., Negotiable.* All bonds, specialties, or other contract in writing for the payment of money or any article of property, and all judgments and executions from any court in this State, are negotiable by indorsement, or written assignment, in the same manner as bills of exchange and promissory notes. No indorsement or assignment need be under seal'—the instruments sued on and described in the complaint are negotiable; and that under the laws of Georgia, section 3694 of the Code of Georgia, which reads as follows: 'Sec. 3694 (2785). *Right of Bona Fide Holder.* The bona fide holder for value of a bill, draft, or promissory note, or other negotiable instrument, who receives the same before it is due, and without notice of any defect or defense, shall be protected from any defenses set up by the maker, acceptor, or indorser, except the following: 1. Non est factum. 2. Gambling, or immoral and illegal consideration. 3.

[Schillinger v. Wickersham.]

Fraud in its procurement'— plaintiff is protected from any defense which may be set up by defendant, except non est factum, gambling or immoral or illegal consideration, or fraud in the procurement of the said notes described in the complaint, and plaintiff avers that he received the said notes described in the complaint before they were due, and without notice of any defect or defense, and that under the decisions of the Supreme Court of Georgia indorsers of a promissory note not negotiable at a chartered bank are liable on their indorsement without notice of nonpayment, and that the notes sued on in this case were not negotiable at any designated place, and that the residence of the maker of the said notes described in the complaint, was at the time of the purchase of said notes by plaintiff, and at the time of their maturity unknown to plaintiff and that his best information was that it was in the state of Illinois.   *   *   *   Which said notes being identical in form are in words and figures:

" '$4,000.00.                         Atlanta, Ga., Dec. 8, 1909.
" 'Ninety days after date we promise to pay to Ben F. Barbour or order four thousand dollars for value received and payable at ———, with interest from date at the rate of 6 per cent. per annum with all costs of collection including 10 per cent. attorney's fees.   And each of us, whether maker or indorser, hereby severally waives and renounces for himself and family any and all homestead or exemption rights he may have under and by virtue of the Constitution or laws of the state of Georgia or the United States as against this note or any renewal thereof.
" '[Signed]  California Consolidated Mines' Co.,
" 'By N. J. Morphy, Pres't.'

"Each of said notes bearing on the back the following indorsement:  'N. J. Morphy, Ben F. Barbour, without recourse. T. H. Spencer.   C. A. Wickersham.' "

It is averred that the instruments sued on were received by the plaintiff before they were due, and without notice of any defect or defense; that under the law of Georgia governing such matters, indorsers of promissory notes not negotiable at a chartered bank are liable on their indorsement without notice of nonpayment, and that the notes sued on in this cause were not negotiable at any designated place; and that the residences of the makers of said notes were, at the times of purchase and maturity, unknown to plaintiff; and that said instruments were indorsed

by the defendant for the purpose of lending his credit to the maker to enable it to raise money on the two notes.

(3) It appears to us that this averment was an excuse, under the law of Georgia, for the failure to aver the giving of the notice of the non-payment of the notes to a mere surety; and that the count was not subject to the demurrer directed to this phase of the same.—*Eppens v. Forbes,* 82 Ga. 748, 749, 9 S. E. 723; *Camp v. Simmons,* 62 Ga. 73; *Neal v. Wilson,* 79 Ga. 736, 5 S. S. 54; *Sibley v. Am. Exch. Nat. Bk.,* 97 Ga. 126, 25 S. E. 470; *Hunnicutt v. Perot,* 100 Ga. 312, 27 S. E. 787; *Hartridge v. Wesson,* 4 Ga. 101; *Connor v. Hodges,* 7 Ga. App. 153, 66 S. E. 546. In the *Connor Case, supra,* on the authority of *Ridley v. Hightower,* 112 Ga. 476, 37 S. E. 733, it was declared that one who writes his name on the back of a promissory note, not because he is a party to the paper whose indorsement is for that reason necessary, but merely as a guarantor of the payment, and whose signature is not essential to the transfer of the title, "is a surety only, and not liable on the note as an indorser." See, also, *Georgia Nat. Bk. v. Henderson,* 46 Ga. 488, 12 Am. Rep. 590; *Mayer v. Thomas,* 97 Ga. 776, 25 S. E. 761.

(4) The facts averred show defendant to have been a surety rather than an indorser.—*Dwight Mfg. Co. v. Holmes,* 198 Ala. 590, 73 South. 933. The count was not subject to the objection of misjoinder.—*James v. Calder,* 7 Ga. App. 707, 67 S. E. 1125.

Let the judgment of the circuit court be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.