(95 South. 343)

## EPPERSON v. FIRST NAT. BANK OF REFORM. (6 Div. 776.)

(Supreme Court of Alabama.   Jan. 11, 1923.)

**1. Appeal and error** ⬤➾105—**Judgment of nonsuit appealable, notwithstanding it resulted from plaintiff's own act combined with the court's.**

A plaintiff who, after demurrers had been sustained to two counts of his complaint, amended it by striking all remaining counts, and took a nonsuit and gave notice of appeal on account of the adverse rulings on the two demurrers held entitled to an appeal under Code 1907, § 3017, granting rights of appeal after nonsuit, notwithstanding that by his own act combined with the court's ruling he had eliminated his complaint.

**2. False imprisonment** ⬤➾20(1)—**Complaint against corporation held sufficient.**

Allegations in an action for false imprisonment against a corporation charging "defendant's servant, agent, or employee, while engaged within the line and scope of his employment, unlawfully caused," etc., held sufficient to charge defendant without further allegation that defendant authorized, aided in, or ratified the wrongful act.

**3. Corporations** ⬤➾423—**Civilly responsible for agents' wrongs committed in course of employment.**

Corporations are civilly responsible for agents' wrongs committed in course of employment.

Appeal from Circuit Court, Pickens County; R. I. Jones, Judge.

Action by L. J. Epperson against the First National Bank of Reform. From a judgment sustaining demurrers to the complaint, plaintiff takes a nonsuit and appeals. Reversed and remanded.

C. C. Nesmith and Edgar E. Garrison, both of Birmingham, for appellant.

A corporation is chargeable with damages for a false imprisonment unlawfully induced by its servant, agent, or employee, while engaged within the line and scope of his, employment. 139 Ala. 161, 34 South. 389; 81 Ala. 221, 8 South. 191; 14 Am. & Eng. Encyc. Law, 38; 131 Ala. 158, 32 South. 503; 148 Ala. 434, 43 South. 797.

Patton & Patton and M. Johnson, all of Carrollton, for appellee.

When appellant, after demurrer to counts 3 and 5, struck out the other counts, he dismissed his whole case, and had nothing left from which to appeal or on which to base a nonsuit. False imprisonment is in trespass. 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; 116 Ala. 606, 22 South. 905. The allegation that "defendant's servant, agent, or employee, while acting within the line and scope of his employment, unlawfully caused the plaintiff to be arrested and imprisoned," is not sufficient to charge the defendant corporation. 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; 139 Ala. 161, 34 South. 389; 166 Ala. 641, 52 South. 334.

SAYRE, J. [1] Epperson, the plaintiff, brought his action for damages against the First National Bank of Reform, joining counts for false imprisonment and for mali-

---

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 6.

cious prosecution. After the court had sustained demurrers to counts 3 and 5, plaintiff amended his complaint by striking the remaining counts, and then took a nonsuit, as the judgment entry recites, "on account of the adverse ruling of the court with respect to the demurrers to counts 3 and 5, and gives notice of appeal to the Supreme Court." The evident purpose of the plaintiff was to bring the rulings against his counts 3 and 5 into review in this court, as provided by section 3017 of the Code, and we find no sufficient reason for holding that he has failed of his purpose. True, the combined effect of the court's ruling and the plaintiff's motion to strike was to eliminate his complaint but plaintiff was in no worse case than he would have been had his complaint contained only the counts against which the demurrers were leveled, in which case he would have had— and so did have—the alternative of pleading over or appealing, as provided by section 3017 of the Code.

[2, 3] Counts 3 and 5 are for false imprisonment. The defendant is a corporation, and the allegation in both counts is that "defendant's servant, agent, or employee, while engaged within the line and scope of his employment, unlawfully caused," etc. It is argued on behalf of the trial court's ruling that the allegation of the counts is not sufficient to charge defendant; that the action for damages for false imprisonment is in trespass (Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; O'Neal v. McKinna, 116 Ala. 606, 22 South. 905), and hence in such case it is necessary to allege further that the defendant corporation authorized, aided in the commission of, or ratified the wrongful act, citing Southern Bell Telephone Co. v. Francis, 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; Southern Ry. Co. v. Hanby, 166 Ala. 641, 52 South. 334. The sufficient answer to this argument, we think, is that corporations are responsible civilly, the same as natural persons, for wrongs committed by their servants or agents in the course of their employment. Southern Car & Foundry Co. v. Adams, 131 Ala. 147, 168, 32 South. 503; Jordan v. A. G. S., 74 Ala. 85, 49 Am. Rep. 800. Many other cases to the same effect might be cited. Nor is it necessary to the liability of the principal in a case of false imprisonment that the agent's authority should be expressly conferred or that the act complained of should have been ratified. Authority is implied from the agent's relation to his principal, the nature of his employment, and the mode in which he is permitted to conduct the business. Robinson v. Greene, 148 Ala. 434, 43 South. 797. In the line of his assigned duties, the agent stands in the place of the corporation. Louisville & N. v. Whitman, 79 Ala. 328. The cases cited by appellee hold nothing to the contrary. It results that the ruling of the

trial court against the counts in question was error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.