(104 So. 274)
### KENNEDY v. LYRIC THEATRE CO.
### (6 Div. 238.)

(Supreme Court of Alabama. Jan. 28, 1925. Rehearing Denied May 14, 1925.)

**1. Appeal and error ⬪⇒927(2)—Presumed that plaintiff is able to prove each count of complaint in determining necessity of nonsuit vel non for adverse rulings on some counts.**

In determining from record necessity for nonsuit vel non, it will be presumed that party pleading is able to prove each count of complaint or each special plea in denial or avoidance, and, if single count on which plaintiff can proceed remains, he must go on with case.

**2. Appeal and error ⬪⇒154(4)—Adverse rulings on some counts of complaint not reviewed on appeal from judgment of nonsuit.**

Rulings adverse to plaintiff on some counts of complaint cannot be reviewed on appeal from judgment of voluntary nonsuit, where other counts remain and record fails to reasonably show necessity for nonsuit because of such rulings.

Gardner, Sayre, and Bouldin, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by Emma Frances Kennedy against the Lyric Theatre Company. From a judgment of nonsuit, plaintiff appeals. Appeal dismissed.

Burgin, Copeland & King, and Edgar Allen, all of Birmingham, for appellant.

---

Plaintiff was entitled to take a nonsuit and have the rulings reviewed in this case. Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Duncan v. Hargrove, 22 Ala. 150; Bush v. Russell, 180 Ala. 590, 61 So. 373. The authorities cited by appellee are inapt.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

Four good counts remaining, there is no authority for a nonsuit and appeal in this case. Engel v. Patterson, 167 Ala. 120, 52 So. 397; Ex parte Martin, 180 Ala. 620, 61 So. 905; Schillinger v. Wickersham, 199 Ala. 613, 75 So. 11; Epperson v. First Nat. Bank, 209 Ala. 12, 95 So. 343.

MILLER, J. This is a damage suit for personal injuries by Emma Frances Kennedy against the Lyric Treatre Company, a corporation. The complaint as originally filed contained three counts numbered 1, 2, and 3. It was amended by plaintiff by adding counts 4, 5, 6, 7, 8, and 9, and by adding counts lettered A, B, C, D, and E. The plaintiff by leave of the court then amended counts numbered 1, 2, 4, and 5. The defendant demurred to each count in the complaint as originally filed, and to each count of the complaint as amended. The court overruled demurrers to counts numbered 1, 2, 4, and 5, as amended, and sustained demurrers to counts numbered 3, 6, 7, 8, 9, and lettered counts A, B, C, D, and E.

The plaintiff asked the court for a nonsuit with bill of exceptions, because it sustained demurrers to counts 3, 6, 7, 8, 9, A, B, C, D, and E; the court granted the nonsuit as requested by plaintiff, allowed her the privilege of filing bill of exceptions, dismissed the cause, and taxed her with the court cost, and ordered defendant to go hence. The plaintiff prosecutes this appeal from that judgment.

It is insisted by appellee that this court has no authority to review these rulings of the trial court on the pleadings adverse to the appellant on this judgment voluntarily taken by nonsuit by appellant, because the record fails to affirmatively show that a nonsuit became necessary on account of these adverse rulings of the court, and no appeal lies from such nonsuit so taken by plaintiff.

That part of the statute applicable reads as follows:

"If from any ruling * * * of the court on the trial of the cause upon the pleadings * * * it-may become necessary for the plaintiff to suffer a nonsuit, the * * * ruling may be reserved for the decision of the appellate court by bill of exceptions or by appeal on the record as in other cases."

The record shows the court overruled demurrers to counts 1, 2, 4, and 5, as last amended, and held them good, and sustained demurrers to counts 3, 7, 8, 9, A, B, C, D,

and E; and "plaintiff now takes a nonsuit with a bill of exceptions on account of the adverse rulings of the court." There is no bill of exceptions.

Can this court review these rulings of the court adverse to plaintiff on some of the counts in the complaint? The record shows no necessity for the nonsuit on account of these adverse rulings of the court, because the court held four counts of the complaint sufficient, and there is nothing showing plaintiff could not present her cause of action to the jury under either of them. She had four good counts under the rulings of the court when she voluntarily requested and took the nonsuit. She did not amend her complaint by striking out the four good counts after the adverse rulings of the court, clearly indicating thereby that she could not prove them, that they did not fully represent her cause of action, but the counts stricken by demurrer did, and thus brought her under the rule declared in Epperson v. First National Bank, 209 Ala. 12, 95 So. 343. This court in Engle v. Patterson, 167 Ala. 120, 52 So. 397, wrote:

"In the absence of a statutory provision authorizing it, a writ of error or appeal would not lie from a voluntary nonsuit or a nonsuit taken by the plaintiff in consequence of adverse rulings of the court."

See, also, Rogers v. Jones, 51 Ala. 354; Cain v. Byrd, 1 Stew. 189; Tate v. McCrary, 21 Ala. 499. We have quoted the applicable part of our statute to the facts in this case hereinbefore in this opinion.

In construing this statute (section 3017, Code 1907) this court in Ex parte Martin, 180 Ala. 620, 61 So. 905, wrote:

"In support of this contention it is urged that section 3017 of the Code does not apply, for the reason that it was not made to appear that 'it became necessary for plaintiff to suffer a nonsuit.' It is very true that, in order to revise rulings of courts after voluntary nonsuit, this much must be made to appear by the record proper, or by the bill of exceptions, because it is upon this condition only that the statute authorizes the review on appeal. It does not follow, however, that this must be made to appear in the exact language of the statute, or of any of the decisions construing it. The record is sufficient to authorize the revision if it is made reasonably certain thereby that the nonsuit was rendered necessary in consequence of the adverse ruling. * * * The action was on a bond, and the trial court sustained a demurrer thereto which went to the whole right of action, not to the mere form, so all that was left for the plaintiff to do was to take the nonsuit or suffer judgment. It chose the former, and, we think, correctly."

The foregoing was approved, and quoted in part, by this court in Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11.

In Bush v. Russell, 180 Ala. 590, 61 So. 373, the defendant filed several special pleas

and general issue to the complaint. Demurrers of plaintiff were overruled by the court to each and all of the special pleas. The plaintiff took a nonsuit, because of the adverse rulings of the court on the special pleas. This court held the record showed a necessity for it, and reviewed these rulings, because the plaintiff by taking the nonsuit clearly made it known that it could probably prove its complaint as against the general issue interposed to it, but could not meet and avoid the defenses to the complaint interposed by the special pleas. These rulings necessitated the nonsuit by plaintiff, and the record shows it.

The record in this case does not disclose that it became reasonably certain by the court sustaining demurrers to some counts in this complaint, that a nonsuit was rendered necessary when it appears from the record the court overruled demurrers to and held four counts of the complaint sufficient. The demurrers were not sustained to the complaint, the whole right of action, but they were sustained to only 10 of the 14 counts of the complaint. Four counts of the complaint held good by the trial court, were in the complaint when the nonsuit was taken by the plaintiff. There is nothing in the record to show her cause of action, if any, could not be presented under either of these counts.

[1] We think it is a sound practical rule, deducible from our decisions, and in harmony with the purpose of the statute, that, in determining from the record the question of necessity for the nonsuit vel non, it will be presumed that the party pleading, whether plaintiff or defendant, is able to prove each count of the complaint, or each special plea in denial or avoidance of the cause of action. Hence, if there remain a single count of the complaint upon which the plaintiff can proceed, he must go on with his case. On the other hand, if there remain a single special plea in denial of his complaint as to which demurrers have been overruled, he is entitled to his nonsuit and review by appeal.

[2] We cannot review these adverse rulings of the court to plaintiff on some of the counts of the complaint, because there are four other counts in the complaint, and the record fails to reasonably show a necessity for the plaintiff to request and take a nonsuit judgment on account of these adverse rulings. To hold otherwise would permit a plaintiff with a complaint having more than one count therein to take a nonsuit if demurrers are sustained to one count only, and have this court review the ruling, when the other counts held sufficient may present fully the cause of action. This was not the intent and design of the nonsuit statute. Engle v. Patterson, 167 Ala. 120, 52 So. 397; Epperson v. First National Bank, 209 Ala. 12, h. n. 1, 95 So. 343; Ex parte Martin, 180 Ala.

620, h. n. 1, 61 So. 905; Schillinger v. Wickersham, 199 Ala. 612, 613, 75 So. 11; Bush v. Russell, 180 Ala. 590, h. n. 1, 61 So. 373.

No appeal will lie in favor of the plaintiff from this nonsuit judgment so taken by her. The appeal must and will be dismissed by this court. Tate v. McCrary, 21 Ala. 499; Cain v. Byrd, 1 Stew. 189; Rogers v. Jones, 51 Ala. 353; Engle v. Patterson, 167 Ala. 120, 52 So. 397.

Appeal dismissed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

GARDNER, J. (dissenting). Our nonsuit statute is a remedial one, and should be liberally construed. In its early history it was so construed as against a similar contention upheld by the majority opinion here as is illustrated in the case of Blackburn v. Minter, 22 Ala. 613, where counsel for appellee insisted (to use his language) "that the nonsuit contemplated by the Act of 1846 is one which the plaintiff is *compelled* to take" (italics supplied), and to which insistence the court replied as follows:

"The construction heretofore put upon the statute allowing a plaintiff to take a nonsuit, and have any question of law that may be ruled against him in that way * * * is adverse to the *limited view* of its operation urged upon us by defendant in error, in support of his motion to dismiss. We prefer to follow the construction and practice hitherto adopted." (Italics supplied.)

And in Duncan v. Hargrove, 22 Ala. 150, the statute was construed "to mean those cases in which the plaintiff, by the adverse ruling of the court on pleadings or evidence, has become satisfied that he cannot recover, and therefore takes a nonsuit to avoid a verdict against him," thus showing that the necessity referred to in the statute is one determined by the plaintiff. Other cases use the expression, referring to the adverse rulings. as having "superinduced" the nonsuit.

This liberal construction has followed the statute through all the years until the instant case, as illustrated in the comparatively recent case of Bush v. Russell, 180 Ala. 590, 61 So. 373, wherein the court said:

"The necessity contemplated was shown when it was made to appear * * * by reason of the adverse ruling that he could not recover, and therefore took a nonsuit, not voluntarily, but in order to avoid a verdict against him."

The authorities cited in the majority opinion do not to my mind in the least tend to shake these decisions, and certainly were not intended as modifying in any manner the liberal construction of the statute recognized from the very earliest history of the statute, as shown by the above-cited authorities. The construction of the statute in the instant case is a very strict construction, the

tendency of which is to narrow considerably its scope and effect. This statute, in my opinion, by this decision has been most seriously, if not fatally, wounded. I thought it a good statute, serving a useful purpose, and therefore respectfully dissent.

SAYRE and BOULDIN, JJ., concur in the foregoing dissent.