238 So.2d 706

Frank S. BLACKFORD, as Trustee, etc.

v.

JEFFERSON SPECIALTIES, INC., a Corp., et al.

6 Div. 763.

Supreme Court of Alabama.

July 10, 1970.

Rehearing Denied Aug. 20, 1970.

Denaburg & Jones, Holt & Cooper, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Reib B. Barnes, William G. Somerville, Birmingham, for appellees.

McCALL, Justice.

This appeal is brought on the record, under Tit. 7, § 819, Code of Alabama, 1940, without a transcript of evidence. The plaintiff, the appellant here, sues in his capacity as trustee in bankruptcy of the estate of Parliament House of Birmingham, Inc., a corporation. After the court sustained demurrers to the original complaint on December 18, 1967, the plaintiff amended his complaint by substituting Counts One-A, Two-A, Three-A, Four-A, and Five-A, respectively, for each correspondingly numbered count in the original complaint and added Count Six and Count Seven. These counts sound in tort, with the exception of Count Five-A, which is ex contractu. They undertake to allege successively: One-A, a wrongful taking of the personal property of the Parliament House of Birmingham, Inc., Two-A, a conversion of its personal property, Three-A, an unlawful eviction of the Parliament House from its premises, Four-A, a trespass to the real property in its possession

and to personal property belonging to it, Five-A, for money received by the defendants to the use of the plaintiff from April 15, 1965, to June 20, 1965, Six, a trespass to real property in the possession of Parliament House and an unlawful dispossession of Parliament House therefrom, and Seven, a trespass to land in possession of Parliament House.

Each defendant refiled his former demurrer, with added grounds, to the separate counts of the complaint as amended. On December 5, 1968, the court overruled the demurrer to Count Five-A and sustained it to all other counts. The plaintiff declined to plead further and moved the court for a nonsuit on account of the adverse ruling of the court of December 5, 1968, sustaining the demurrer to the complaint. The court granted appellant's motion for a nonsuit, and on April 18, 1969, entered a judgment of nonsuit, dismissed the cause, and ordered that the defendant go hence without day, with all costs accrued being taxed against the appellant for which execution might issue.

The plaintiff has appealed from said judgment of April 18, 1969, pursuant to Tit. 7, § 819, Code of Alabama, 1940. This statute provides that if, from any ruling or decision of the court on the trial of a cause, either upon the pleadings, admissions, or rejection of evidence, or charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the plaintiff may take such nonsuit, and, in the manner provided by the statute, have the particular adverse ruling which created the necessity for the nonsuit reviewed by the appellate tribunal. The defined necessity must be shown by the record in order that the right to appeal may appear. Long v. Holley, 157 Ala. 514, 47 So. 655; Corn Products Refining Co. v. Dreyfus Bros., 3 Ala.App. 529, 57 So. 517.

■ Prior to the enactment of our nonsuit statute, an appeal would not lie from a judgment on a voluntary nonsuit resulting from rulings of the court adverse to his right of recovery. Hurst & McWhorter v. Bell & Co., 72 Ala. 336; Prichard v. Sweeney, 109 Ala. 651, 19 So. 730. The only authority upon which an appeal may now be taken from a voluntary nonsuit is our statute. Tit. 7, § 819, Code of Alabama, 1940. Wilbanks v. Mitchell, 239 Ala. 167, 194 So. 513; Engle v. Patterson, 167 Ala. 117, 52 So. 397; Ex parte Martin, 180 Ala. 620, 61 So. 905; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Rogers' Administrator v. Jones, 51 Ala. 353; Corn Products Refining Co. v. Dreyfus Bros., 3 Ala.App. 529, 532, 57 So. 517.

■ Under this statute to revise rulings of trial courts after voluntary nonsuits, the record proper must show a necessity for the nonsuit in order to support a judgment on appeal. The record is sufficient to authorize the revision of the trial court's ruling, if it is made reasonably certain thereby that the nonsuit was rendered necessary in consequence of the adverse ruling of the court. Hurst & McWhorter v. Bell & Co., 72 Ala. 336; Ex parte Martin, 180 Ala. 620, 61 So. 905; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Kennedy v. Lyric Theatre Co., 213 Ala. 153, 104 So. 274; Maze v. Employees' Loan Society, 217 Ala. 44, 114 So. 574. On consideration the record here does not support the recitals of the judgment-entry of nonsuit, made by the trial court on April 18, 1969, so as to make it reasonably certain that the nonsuit was rendered necessary, for the plain reason that the court did not sustain the demurrer to the entire complaint, as amended, but overruled the demurrer to Count Five-A, and sustained it as to all other counts thereof. Thus one good count remained in the amended complaint.

Since, in an original complaint, all actions ex delicto may be joined with actions ex contractu, arising out of the same transaction, or relating to the same subject matter, Tit. 7, § 220, Code of Alabama, 1940, we assume in the present case, under Tit. 7, § 239, there being nothing to the contrary in the record, that the ex con-

208

tractu amendment viz.: Count Five-A, referred to the same transaction, property and title and parties as in the original counts, for otherwise this amended action could not have been joined in the complaint under the statute. Therefore, there is nothing in the record to show that the appellant's cause could not have been presented under Count Five-A. It follows that the entire cause is not before this court and the integrity of the case is not preserved as is necessary. Simpson v. City of Montgomery, 282 Ala. 368, 211 So.2d 498; Duncan v. Hargrove, 22 Ala. 150, 161.

In Kennedy v. Lyric Theatre Co., 213 Ala. 153, 155, 104 So. 274, 276, a case in which the court overruled the defendant's demurrer to four counts holding them good, and sustained the demurrer to nine other counts, holding them bad, this court said:

> "* * * in determining from the record the question of necessity for the nonsuit vel non, it will be presumed that the party pleading, whether plaintiff or defendant, is able to prove each count of the complaint, or each special plea in denial or avoidance of the cause of action. Hence, if there remain a single count of the complaint upon which the plaintiff can proceed, he must go on with his case. On the other hand, if there remain a single special plea in denial of his complaint as to which demurrers have been overruled, he is entitled to his nonsuit and review by appeal."

On the same point this court observed in the case of Berman Bros. Iron & Metal Co. v. State Savings & Loan Co., 222 Ala. 9, 11, 130 So. 554, 556:

> "Where apt counts remain in the complaint imposing no heavier burden on the plaintiff than those stricken by demurrer, error, if any, in such ruling on de-

murrer, will not warrant taking a nonsuit and appeal because of such adverse ruling. Kennedy v. Lyric Theatre Co., 213 Ala. 153, 104 So. 274. * * *"

Pertinent authorities on this subject are also collected in an annotation in 23 A.L. R.2d 664 et seq.

The appellant might have amended his complaint before nonsuiting his case by striking out or withdrawing Count Five-A, Tit. 7, § 239, Code of Alabama, 1940, and then, have proceeded with his nonsuit. Deal v. Camden Fire Insurance Co., 230 Ala. 141, 160 So. 225; Kennedy v. Lyric Theatre Co., 213 Ala. 153, 104 So. 274; Epperson v. First National Bank of Reform, 209 Ala. 12, 95 So. 343; Southern Ry. Co. v. McEntire, 169 Ala. 42, 53 So. 158.

It has been said that a plaintiff will not be permitted to split up his cause and try one portion of it at one time and place and another portion at another. Duncan v. Hargrove, 22 Ala. 150, 161; Kennedy v. Lyric Theatre Co., 213 Ala. 153, 104 So. 274. The question before us is a jurisdictional one. Since the record will not support the judgment, the court must dismiss the appeal ex mero motu. Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76; Heffelfinger v. Lane, 239 Ala. 151, 194 So. 504; Davison v. Stutts, 233 Ala. 491, 172 So. 600; Wallace v. Screws, 225 Ala. 187, 142 So. 572; Alston v. Marengo County Board of Education, 224 Ala. 676, 141 So. 658; Temple v. Dooley, 196 Ala. 360, 71 So. 683; Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427. It is so ordered.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.