(84 Misc. Rep. 51)

### HOPKINS REALTY CO. v. KIRSCHBAUM.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

LANDLORD AND TENANT (§ 86*)—TERMINATION OF TERM—NOTICE—CONSTRUCTION OF LEASE.

A lease for 16 months commencing June 1, 1912, provided that the letting should be deemed renewed for the further term of one year from the expiration of the term thereby granted, unless either party on or before the 1st day of July, "next ensuing after the commencement of any term granted hereby," should give notice of an intention to surrender or have possession of the premises "on the first day of the following October," and that this should continue operative with respect to renewals or extensions. It further provided that, three months prior to the expiration of the term granted, applicants should be admitted at reasonable hours to view the premises until rented. It was entirely in print, except as to the description and length of the term and the amount of rental, and was evidently prepared for a yearly hiring. *Held*, that while read literally it provided for a renewal for one year from October 1, 1913, unless the tenant should give notice on July 1, 1912, of an intention to surrender the premises on October 1, 1912, it was apparent that it was intended to provide for notice on or before the July 1st immediately preceding the termination of the term, and it would be so construed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 270–275; Dec. Dig. § 86.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Hopkins Realty Company against Bertha V. Kirschbaum. From a judgment on a verdict for plaintiff, defendant appeals. Affirmed.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Wingate & Cullen, of New York City (Clarence Sage Woodman, of New York City, and Edmund J. A. Williams, of Brooklyn, of counsel), for appellant.

W. Bennett Marx, of New York City, for respondent.

BIJUR, J. This action is brought to recover rent of a flat for the month of October, 1913, upon plaintiff's claim that a previous lease between the parties of the same flat had become automatically renewed by failure of the tenant to give notice of intention to surrender the same as there provided.

On this appeal both parties claim that only a question of construction is involved—and indeed a question of the construction of the terms of the lease without the need of considering any extraneous circumstances—and both agree that there were no relevant disputed questions of fact.

The lease is dated May 29, 1912, and it grants to the tenant defendant a term of one year and four months from June 1, 1912, to October 1, 1913. The provision of the lease which has given rise to this action reads as follows:

"Eleventh. That this letting and hiring shall be deemed to be, and shall be, extended and renewed by and against the parties hereto for the further term of one year from the expiration of the term granted hereby, and at the same rental, without any deduction or concession, and upon the above terms, conditions and covenants, unless either party on or before the first day of July next ensuing after the commencement of any term granted hereby, shall give notice to the other by United States registered mail addressed, if to the tenant, at the premises, or, if by the tenant, to the landlord at 119 Walker street, New York City, of an intention to surrender or have possession of the premises as the case may be, on the first day of the following October. This clause shall be and continue operative likewise with respect to any renewals, extension or extensions hereof, that this agreement shall be binding on the heirs, executors, administrators and assigns of both parties."

It appears to me that much learning and time has been unnecessarily devoted to this controversy which admits of exceedingly simple solution by following ordinary rules of construction. Read literally, this clause establishes an automatic renewal of the lease on October 1, 1913, "for the further term of one year" unless the tenant shall have notified the landlord on July 1, 1912, of an intention to surrender the premises on October 1, 1912. From the lease itself—which is entirely in print except as to the description of the premises, the length of the term, and the amount of rental—it is evident that this lease was prepared for a yearly hiring, and was, under the circumstances of this case, accidentally used to grant a term of a year and four months. The conclusion cannot be escaped that the notice of intention to surrender, contemplated, was only to be served on the 1st of July succeeding the 1st of October on which the term demised ended. The renewal term is

spoken of, not as "a term of one year," but "the further term of one year." At the end of the clause under consideration is the additionally significant provision that "this clause shall continue operative with respect to any renewal hereof," and, as these renewals are in the same clause required to be of one year each, it is quite apparent that the days which the parties had in mind were the 1st of July immediately preceding the termination of the term and the October 1st of such termination. Still further confirming this construction is the seventeenth clause, that, "three months prior to the expiration of the term hereby granted, applicants shall be admitted at reasonable hours of the day to view the premises until rented"; thus identifying the July 1st which the parties had in mind as the date when notice of intention to surrender should be given, as the July 1st immediately preceding October 1st which marked the termination of the term. It is, of course, unfortunate that a form prepared for a yearly letting should have been used for a letting covering a demised term of 16 months; but there can be no doubt that the parties thoroughly understood the lease to mean that which common sense compels us to interpret it as meaning.

It is useless to discuss questions submitted to one jury or the reason why they were so submitted, as it is apparent that the issue raised on this appeal, and admitted to be the only issue to be decided, is one of law upon which a verdict in favor of plaintiff should have been directed.

Judgment affirmed, with costs to respondent. All concur.