(87 Misc. Rep. 336)

MANHATTAN REALTY APPRAISERS v. MARCHBANK.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. LANDLORD AND TENANT (§ 90*)—RENEWAL BY FAILURE TO GIVE NOTICE—
LIABILITY.

A provision in a lease for one year that the letting should be deemed extended and renewed for a further term of one year, unless either party on or before a date specified gave notice to the other by registered mail of an intention to surrender or have possession at the expiration of the year, was an agreement that the lease should be automatically renewed, unless the notice provided for was given; and where the lessee failed to give such notice she became liable for a second year's rent.

[Ed. Note.—For other cases, see Landlord · and Tenant, Cent. Dig. §§ 284–289; Dec. Dig. § 90.*]

2. LANDLORD AND TENANT (§ 195*)—LIABILITY FOR RENT—ABANDONMENT—
RELETTING.

Under a lease providing that, if the premises became vacant by the voluntary removal of the tenant, the landlord might re-enter and relet them, and the tenant would pay the difference between the rent reserved and the rent collected and received for the residue of the term, upon an abandonment of the premises by the lessee, the landlord had a right to permit the premises to remain unoccupied and hold the tenant for the rent, or to relet the premises and hold the tenant for the deficiency for each month's rent; and hence, in an action for such deficiency, it was not necessary to show that the landlord rented the premises for the best price possible.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. § 195.*]

3. LANDLORD AND TENANT (§ 195*)—LIABILITY FOR RENT—ABANDONMENT—
RELETTING.

Under a lease for one year at a rental of $780, payable monthly in advance, providing for a renewal for a further term of one year unless notice was given to terminate the lease, and also providing that if the premises became vacant by the voluntary removal of the tenant the landlord might re-enter and relet them, and the tenant would pay each month the difference between the rent reserved and the rents collected and received for such month or months during the residue of the term, where the lessee, without giving notice to terminate the lease, abandoned the premises before the commencement of the second year, whereupon the landlord relet the premises for a rental of $720, he could, in an action brought before the expiration of the second year, recover only the deficiency in rent for the month, the rent for which was due when the action was brought.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. § 195.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. LANDLORD AND TENANT (§ 195*)—ABANDONMENT—REPAIRS—PROVISIONS OF LEASE.

Under a lease providing that if the tenant removed from the premises the landlord might relet them, and the tenant would pay such expenses as he might incur in putting them in good ·order and condition, where the tenant abandoned the premises, she was liable for necessary expenditures by the landlord in renovating and repairing the premises, so as to make them suitable for a new tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 790–793; Dec. Dig. § 195.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Manhattan Realty Appraisers against Rose Marchbank. From a judgment dismissing the complaint, with costs, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Lewis F. Glaser, of New York City, for appellant.

Robert C. Moore, of New York City, for respondent.

PER CURIAM. The plaintiff's complaint was dismissed at the close of its case upon motion of defendant's counsel. The facts shown by the plaintiff must therefore be taken as true. The parties herein entered into a written lease, by the terms of which defendant leased an apartment for the term of one year from October 1, 1912, the rent to be paid monthly in advance, at the rate of $780 per year. The lease contained a clause to the effect that the letting and hiring should be deemed extended and renewed for the further term of one year from the expiration of the first term, unless either party, on or before June 1st next ensuing, after the commencement of the term, gave notice to the other by registered letter, addressed "if to the tenant at the premises, or if by the tenant to the landlord's agents as above, of an intention to surrender or have possession of the premises, as the case may be, on the 1st day of the following October." The lease also contained a clause that upon default in any of the covenants, or if the premises became vacant by the voluntary removal of the tenant, the landlord might re-enter said premises and relet the same, the tenant obligating herself to pay the landlord "such other expenses as he may incur in putting the premises in good order and condition, *and to pay each month* the difference between the rent reserved and the amount of rents collected and received from the demised premises for such month or months during the residue of the term herein provided remaining after taking possession by the landlord." The testimony shows that the tenant failed to give the notice provided for, and that she voluntarily abandoned the premises in the latter part of September, 1913. The plaintiff thereupon entered upon the premises, and claims that it expended the sum of $108 in renovating and repairing the same suitable for a new tenant, and then relet the premises from October 1, 1913, for the term of one year, at a yearly rental of $720, being $60 less than the amount the defendant agreed to pay in her lease.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This action was begun in November, 1913. The action was brought to recover the sum of $60 for deficiency in the yearly rental, and $108 for repairs. Upon the trial plaintiff showed that it had relet the premises for one year for $720 as aforesaid, and it offered testimony tending to show that it had expended said sum of $108 for necessary repairs, before the new tenant took possession. This offered testimony was excluded, upon objection made by defendant's attorney. The court below dismissed the complaint, saying:

"The plaintiff offered no proof whatever that rent was unpaid, or of its efforts to rent the premises. The mere fact that it rented them for a less amount does not entitle the plaintiff to recover damages. Under the clause of the lease they were bound to rent them at the best price possible."

[1-4] The dismissal was error. It has repeatedly been held that a clause in a lease similar to the one first quoted is an agreement that the lease should be automatically renewed unless the notice provided for therein was given. Hopkins Realty Co. v. Kirshbaum, 84 Misc. Rep. 51, 145 N. Y. Supp. 882. The defendant, by failing to give such notice, became liable for a second year's rent. The landlord had a right to permit the premises to remain unoccupied and hold the tenant for the monthly rent reserved in the lease, or to relet the premises and hold the defendant for the deficiency for each month's rent. At the time this action was commenced the tenant's obligation to pay rent for the month of October only was due, and the difference between the rent reserved in the lease and the amount of rent received by the landlord under the reletting was but $5 for that month; and for this sum, as rental deficiency alone, a cause of action had accrued. This would not apply, however, to the cost of repairs. The defendant was liable under her lease for such sum as was necessary to put the premises in suitable condition for a new tenant, and plaintiff should have been allowed to prove the expense of so doing.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.