MECKLEBURG REAL ESTATE CO. *v.* KYOLEUM CO.
SAME *v.* TENNESSEE CHEMICAL CO.
SAME *v.* NASHVILLE GRAIN EXCHANGE.

*(Nashville.* December Term, 1919.)

1. **LANDLORD AND TENANT.** Failure to give notice of desire to cancel or renew under lease, evidence lessee desired to continue lease for year.

Under a lease providing that failure of lessee to give lessor written notice ninety days in advance of expiration of the lease of desire to cancel or renew should be considered as evidence the lessee desired to continue the lease in force for a year after expiration, failure to give notice was tantamount to the tenant's making a proposition to the landlord to continue the lease for another year on the same terms and conditions, subject to the acceptance or rejection of the landlord exercised before termination of the lease. (*Post, p. 298.*)

2. **LANDLORD AND TENANT.** Effect of lease provision for continuance in contingency.

A provision in a lease for continuance in a certain contingency does not, as a covenant to renew, involve an agreement to make a new lease, but merely extends the operation of the original lease for the additional term on the happening of the contingency, subject to the election of the lessor exercised after failure to give notice and before termination of the lease. (*Post, p.* 298.)

3. **LANDLORD AND TENANT.** Clause applicable only to original lease not carried forward into new lease effected by provision for continuance in contingency.

A clause or provision clearly applicable to an original lease alone is not carried forward into a new lease for an additional term effected by a provision in the original lease for its continuance in a certain contingency. (*Post, pp.* 298, 299.)

Case cited and distinguished:   Rutgers v. Hunter, 6 Johns. Ch. (N. Y.), 219.

4. **LANDLORD AND TENANT. Lessor's loss of rights under failure to notify clause by improper election.**

Where a lease provided that failure of the lessee to give written notice ninety days in advance of expiration of a desire to cancel or renew should be considered as evidence the lessee desired to continue the lease for a year after expiration and, after the lessee failed to give notice, the lessor improperly demanded a new lease for the next year containing the "failure to notify" clause applying to the year after that, the lessor's right was lost by its improper election and demand, and, on its rejection by the lessee and determination to remove, the lessor's rights ended, and its subsequent action in notifying the lessee it would be held for rent under the existing lease did not restore them.   (*Post, pp.* 299-301.)

5. **EQUITY. Unverified answers treated as general denials where answers under oath are waived.**

Where answers making a general denial of the liability of defendant tenants in equity are none of them under oath, but complainant lessor has waived answers under oath, the answers will be treated as general denials, and as tendering the general issue as at law. (*Post, p* 301.)

6. **ESTOPPEL. Assumption of position as against one demand does not prevent change as against other.**

Where defendant tenants, in face of one demand by their lessor, took a certain position, they are not estopped from changing such position in subsequent litigation by the lessor against them to enforce a different demand;   the first having been that they execute new leases for a year after the original term on account of their failure to notify of desire to terminate, and the second being that they pay the amount which they would have paid as tenants for such following years.   (*Post, pp.* 301, 302.)

7. **ESTOPPEL. Estoppel after litigation from changing reason for conduct.**

The rule that a party, having given a reason for his conduct about a matter in controversy, is estopped after litigation is begun from

Real Estate Co. v. Kyoleum Co.

changing his ground, is not a rule of universal application, but is of doubtful application in any case unless the former position is inconsistent with the position adopted after litigation, or unless the adverse party has been misled or is prejudiced by the change of attitude. (*Post, pp.* 301, 302.)

Cases cited and approved: Snyder v. Mystic Circle, 122 Tenn., 250; 250; Ault v. Dustin, 100 Tenn., 366; Taylor-Baldwin Co. v. Northwestern T. & M. Ins. Co., 18 N. D. 343.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County to the Court of Civil Apeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Jas. B. Newman, Chancellor.

E. A. Price, for Mecklenburg Real Estate Co.

Vertrees & Vertrees, Wm. L. Talley and Cornelius & Swiggart, for appellees.

Mr. Justice Green delivered the opinion of the Court.

These three suits were dismissed by the Chancellor, and the complainant in each case appealed. The appeal in the first case went to the court of civil appeals on account of the amount involved. The court of civil appeals affirmed the decree of the Chancellor and this case is before us on *certiorari*. The appeals in the other two cases were taken directly to this court. The three cases have been heard together here.

These defendants were tenants of the complainant occupying offices in the Stahlman Building. There was a written contract of lease between the complainant and

each of the defendants. These leases expired December 31, 1916. All of them were similar in their provisions.

Clause 6 of the leases contained the following language: "Failure of lessee to give lessor written notice ninety days in advance of the expiration of this lease, of a desire to cancel or renew same, shall be considered as evidence that said lessee desires to continue said lease in full force and effect for one year from and after the date of its expiration, and be accordingly bound."

None of the defendants gave the complainant written notice of a desire to cancel or renew 90 days in advance of December 31, 1916.

In the latter part of November, 1916, the complainant prepared and executed in duplicate three sets of leases for the offices occupied by the three defendants and and also three sets of notes. These leases and notes were submitted to the defendants with the request that they be executed. The leases submitted covered the year 1917, and each contained a provision identical with clause six quoted above.

The several defendants named declined to sign the leases and notes, and all of them moved out of the Stahlman Building about the last of the year 1916. Some time later, the complainant brought these suits against these defendants to recover from each of them an amount equivalent to the sum in which each of the defendants would have become indebted to the complainant had they remained as tenants of the building, occupying their same quarters, for the year 1917.

Mr. Gray, the secretary and treasurer of the complainant corporation, testified that he demanded new leases and new notes of these defendants covering the year 1917, because "we do not let any tenants remain in the building without notes and leases."

As stated heretofore, the suits were dismissed when they came on for hearing before Chancellor Newman The Chancellor justified his action by such a clear statement of the reasons therefor that we have adopted a portion of his language as the opinion of this court.

The Chancellor said:

"The meaning of the words used in the clause is plain and unambiguous. Failure to give notice is tantamount to the tenant making a proposition to the landlord to continue his lease for another year on the same terms and conditions as are contained in the lease of 1916, subject to the acceptance or rejection of the landlord exercised before the termination of the lease.

"A provision in a lease for its continance in a certain contingency does not, as does a covenant to renew, involve an agreement to make a new lease, but such provision merely extends the operation of the original lease for the additional term, upon the happening of the contingency, subject to the election of the lessor exercised after the failure to give notice, and before the termination of the lease. Tiffany on Landlord and Tenant, vol. 2, pp. 1514, 1515.

"A clause or provision clearly applicable only to the orignal lease is not carried forward into a new lease for an additional term. In *Rutgers* v. *Hunter*, 6 Johns. Ch. (N. Y.), p. 219. Chancellor James Kent says:

" 'If a convenant to renew the lease necessarily included a renewal of all the convenant in it, it would be tantamount to a covenant for perpetual renewal and so extraordinary a covenant ought not to depend on inference merely. . . . I do not mean to say that such covenants are not valid; but I contend only that they must be clearly and certainly made, and are not to be deduced by construction from a covenant to "renew the lease," without saying more.' 24 Cyc., p. 1000. Tiffany on Landlord and Tenant, vol. 2, p. 1542.

"In none of the cases under consideration did the complainant act in strict accordance with the power conferred upon it by the clause involved. It construed this clause and proceeded to act, in the first instances, upon the construction that it had the right to demand of the defendants new leases for 1917, containing the failure to notify clause, applying to the year of 1918. Late in November, 1916, when it made its election to take advantage of defendant's failure to give the 90 days' notice it stated in its notice to each defendant: 'In conformity with the terms of article 6, rules and regulations of the existing contract, . . . we beg to enclose herewith lease contract and notes for the same quarters for the year ending December 31, 1917.' In two of the bills filed in these causes more than a years afterwards, it is avered, in substance, that these new leases were prepared and delivered to defendant in accordance with and reliance upon the terms and provisions of clause 6, clearly showing that complainant at this late date had not abandoned the insistence made when it made its election in November that new leases

were required. The correspondence between these parties shows that after complainant made its. elction and demanded in November, and upon learning of defendant's rejection and purpose to remove, it notified them it would hold them for rent under existing contracts, but it never abandoned the demand for new leases if they remained. Its right became fixed or lost by its first election and demand and upon the rejection thereof by the defendants, and their determination to remove, the complainant's rights under the clause involved ended, and its subsequent action did not restore them. It is elementary that the right of election can be exercised but once.

"The complainant did not notify the defendants, after their failure to give notice to cancel or renew, and before the termination of their lease, that it had elected to continue the lease contract of 1916 in full force and effect for the year of 1917, as was its only right under the clause, but coupled its acceptance with a demand that new leases covering the year. 1917 be executed with the failure to notify clause applying to the year of 1918 included therein.

"Clause 6 involved herein gave complainant no right to demand new leases containing the failure to notify provision applicable to 1918, and such demand was a breach of contract which released defendants, and they were clearly within their rights in declining to sign the leases submitted and removing from the building."

Learned counsel for the complainant does not attempt to meet the reasoning of the Chancellor, but undertakes

to escape it by saying that the defendants have changed their positions herein, which he urges is not permissible. It is futhermore suggested by counsel that the pleadings in the several cases filed by the defendants do not allow such a defense as that upon which the Chancellor based his decree.

In reply to the latter suggestion, we may observe that all of the answers make general denied of the liability of the defendants. None of these answers are under oath, the complainant having waived answer under oath in all three of the cases. Such being the situation, the answers will be treated as general denials, and as tendering the general issue, as at law. In this state of the pleadings, this defense here relied on is entirely available. Gibson's Suit in Chancery, section 360.

In regard to the change of position said to have been made by the several defendants, it is perhaps sufficient to say that no demand was made upon them prior to the time they left the building for payment of rent for the year 1917. Complainant then demanded that these defendants execute new leases for the year 1917, not that they pay rent for that year. Defendants were not, therefore responding to the same demand in these suits which was made of them when the new contracts were presented. Any change, therefore, made in their attitude, was after the circumstances had changed.

Moreover, the rule that a party, having given a reason for his conduct about a matter in controversy, is estopped, after litigation is begun, from changing his ground, announced in *Snyder* v. *Mystic Circle*, 122 Tenn., 250, 122 S. W., 981, 45 L. R.A. (N. S.), 209,

is not a rule of universal application. That was a case of estoppel *in pais*. The complainant was misled to her prejudice by the action of the defendant.

In *Ault* v. *Dustnin*, 100 Tenn., 366, 45 S. W., 981, it is shown that the ordinary application of the rule relied on is in cases where a defendant undertakes to adopt an inconsistent position after litigation has begun, with one formerly taken by him. There is no inconsistency here.

We think it may be said that the rule urged by the complainant is of doubtful application in any case, unless the former position is inconsistent with theposition adopted after litigation, or unless the adverse party had been misled, or is prejudiced by the change of attitude. See *Taylor-Baldwin Co.* v. *Northwestern T. & M. Ins. Co.*, 18 N. D. 343, 122 N. W., 396, 20 Ann. Cas., 432, and note 438.

It is not necessary to consider other questions raised herein. The decree of the court of civil appeals in the first case and the decree of the Chancellor in the other two cases, will be affirmed, for the reasons stated.