HENNESSY REALTY COMPANY, Respondent, *v.* MAX M. BERNSTEIN, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1920.)

Lease — construction of — landlord and tenant — evidence.

> Upon the trial of an action to recover $120.83 alleged to be due as rent for the month of October, 1919, under an alleged lease dated June 6, 1919, the defendant admitted his occupancy of the premises during the month in question and that he had never paid the sum demanded, and contended that a lease made in July, 1917, stipulating a monthly rental of $79.17 and containing a clause " that the tenant shall notify the landlord four months prior to the expiration of this lease, of his intention not to renew same, otherwise the lease shall remain in force for one additional year from the time of its expiration " was still in full force and effect, and that he had never notified the landlord of his intention not to renew the lease. *Held,* that the tenant not having served notice of his intention not to renew, the lease of July, 1917, was still in effect and the subsequent lease was without consideration and unenforcible, and the judgment in plaintiff's favor will be reversed and the complaint dismissed.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of plaintiff, after a trial with a jury.   Judgment by direction of verdict.

Bijur & Herts (Harry Bijur and Harold H. Herts, of counsel), for appellant.

Louis Sachs, for respondent.

WAGNER, J.   This action is brought by the plaintiff, landlord, against the defendant, tenant, to recover

Appellate Term, First Department, February, 1920.    [Vol. 110.

$120.83 alleged to be due as rent for the month of October, 1919, for an apartment at 41 West Eighty-third street, borough of Manhattan, New York city, pursuant to the terms of an alleged lease dated June 6, 1919. The tenant admits that he occupied the premises during the month in question and that he has never paid the sum demanded by the landlord, but contends that a lease made on July 10, 1917, stipulating a monthly rental of $79.17 is still in full force and effect.

The defendant pleaded and testified that he had made a tender of $79.17 in cash to plaintiff October 1, 1919; that plaintiff refused to accept the same, and that the tender was kept good by the payment of the aforesaid sum into court.

The plaintiff put in evidence the instrument signed by the defendant, and specified in its bill of particulars, upon which it relied as constituting the lease under which it claims rent in this action. There was also admitted in evidence a letter signed by the plaintiff's president dated June 6, 1919, and an unsigned lease renewal slip which had been inclosed and forwarded to the defendant by the plaintiff in the aforesaid letter. The receipt of these exhibits was admitted by defendant though he opposed their introduction as evidence.

The evidence relied on by plaintiff is insufficient to establish the making of a new lease. It fails to contain all the essential terms to be agreed upon. There is no definite meeting of the minds.

It is therefore our judgment that no new lease was made.

The motion to dismiss the complaint made by the defendant at the opening of the trial should have been granted.

But if we assume that the plaintiff established by

proof the making of the lease he alleges in his complaint, its complaint should have been dismissed at the end of the trial. In the course of his defense the defendant offered in evidence a lease dated July 10, 1917, entered into between plaintiff and defendant for the same premises involved in this suit, for a period of two years to commence October 1, 1917, and to end September 30, 1919, at an annual rental of $950, payable in twelve monthly payments of $79.17 on the first of each month.

That lease contains the following provision:

"That the tenant shall notify the landlord four months prior to the expiration of this lease, of his intention not to renew same, otherwise the lease shall remain in force for one additional year from the time of its expiration."

There is no evidence that the tenant notified the landlord of his intention not to renew the lease. We must assume, therefore, that no such notice was given. Consequently on June 6, 1919, when the defendant signed an alleged lease for one year from October first at a rental of $1,450, there was in existence a valid lease between the same parties for the same period at a lower rental, namely, $950.

The court below construed the clause above quoted to mean that the lease remained in force only at the option of landlord. We cannot agree with any such construction. The clause is not ambiguous.

It is clearly an agreement that the lease is automatically renewed unless the notice provided for in the clause is given by the tenant. *Hopkins Realty Co.* v. *Kirschbaum*, 84 Misc. Rep. 51; *Manhattan Realty Appraisers* v. *Marchbank*, 87 id. 336.

There was no rescission or cancellation of the lease of July 10, 1917. Since, therefore, the lease was in existence on July 6, 1919, the signing of another lease

(assuming it was a lease) for the same term and same premises with an increased rental was without consideration and unenforcible.    For when a new lease was made the landlord was already legally bound to lease the same premises for same period at a lower rental.

Judgment reversed, with thirty dollars costs, and complaint is dismissed, with costs.

GUY, J., concurs; BIJUR, J., taking no part.

Judgment reversed, with thirty dollars costs.