## RIGGS v. UNITED STATES.

(District Court, E. D. of South Carolina. March 11, 1926.)

**1. United States ⟨⟩63—Under evidence, contract of renting to the government held to consist of letter accepting offer in letter of day before, erroneously referred to as of even date.**

Under the evidence, letter of owner, which, with acceptance of offer therein, constituted contract of renting to the government and which in letter of acceptance was referred to as "of even date," *held* one of the day before, and not one dated a week later, but claimed to have been written and sent the same day as the acceptance.

**2. Landlord and tenant ⟨⟩90(1)—Privilege of "renewal" in renting contract requires new contract, and mere continuing in possession and paying rent is not enough.**

Contract of renting for two years, with privilege of "renewing the agreement," is not renewed by mere continuing in possession and paying rent after the two years; privilege for "renewal" requiring a new contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Renewal.]

**3. Estoppel ⟨⟩90(2)—Owner of premises held estopped to claim renewal of short lease, by not making it till after participating in bidding and lessee had accepted bid of another for long-time lease.**

Owner of premises *held* estopped to claim there was a renewal of short lease, by participating in bidding, called for by lessee, for long-time lease, and making no claim of renewal till lessee had accepted bid of another and prepared to move.

**4. Landlord and tenant ⟨⟩114(3).**

Under law of South Carolina, holding over and paying rent do not justify inference of intention to create tenancy from year to year, where the circumstances negative it.

At Law. Action by Sidney S. Riggs against the United States. Complaint dismissed.

Buist & Buist and George L. Buist, all of Charleston, S. C., for plaintiff.

J. D. E. Meyer, U. S. Atty., and L. M. Shimel, Asst. U. S. Atty., both of Charleston, S. C.

ERNEST F. COCHRAN, District Judge. The plaintiff brought this action at law against the United States, alleging in substance that on the 12th day of October, 1922, a contract was entered into between the plaintiff and the United States, whereby the plaintiff rented to the United States a certain building for a garage at a rental of $125 per month, payable monthly, for two years, from November 1, 1922, and that under the terms of the agreement the United States had the privilege of renewing the agreement for two additional years, and that upon the expiration of the lease the United States continued in possession and exercised the privilege of renewing the contract for an additional two years, but only occupied and paid for four months thereof, and then refused to pay for the remainder of such additional two years. The answer of the United States denies that the contract was for two years, but alleges that it was from month to month, and sets up certain matters as an estoppel.

The plaintiff contends that the contract is contained in a letter signed by the plaintiff, which, although apparently dated October 17, 1922, was really signed, as plaintiff contends, on October 12, 1922, and a letter from the postmaster at Charleston, dated October 12, 1922, acknowledging receipt of same and accepting it on the terms stated. The defendant contends that the contract is contained in a letter of plaintiff, dated October

11, 1922, and that the postmaster's letter of October 12, 1922, accepted that letter, and that those two letters constituted the contract, and that the later letter of October 17, 1922, was signed and left with the postmaster in order to give the United States an option on the terms stated therein, if the United States should desire to accept it, but that the letter of October 17, 1922, was never accepted and never became a contract between the parties.

[1] I am satisfied the plaintiff is mistaken when he says in his testimony that the letter dated October 17, 1922, is incorrectly dated, that its true date is October 12, 1922, and that it is the letter that was accepted by the letter of the postmaster of October 12, 1922. The documents themselves are against his contention, and in addition to that the testimony of the postmaster and of the superintendent of mails is clear, direct, and positive to the contrary, and I am satisfied that they are correct in their recollection. It is true that the letter of October 12, 1922, from the postmaster to the plaintiff, acknowledges "letter of even date," and the date of plaintiff's first letter is October 11, 1922. But this was explained as an error, due to the fact that the letter of the postmaster of October 12, 1922, was dictated in the afternoon of October 11, 1922, but was not typewritten by the stenographer until the next day, and was for that reason dated October 12, 1922, without noticing that it used the words "of even date." I find, therefore, that the contract between the parties is contained in the letter of plaintiff of October 11, 1922, and the postmaster's reply thereto of October 12, 1922. These letters are as follows:

"Sidney S. Riggs, Real Estate,
"Room 301, 123–125 East Bay St.

"Charleston, S. C., October 11, 1922.
"Mr. E. H. Jennings, Postmaster, Charleston, South Carolina—Dear Sir: Confirming conversation with your Mr. J. G. Thomas of this date: I will rent to the U. S. Post Office Department, without artificial heat, light, or water, the garage located at No. 4 State street, in this city, from month to month, at the rate of $125 per month. I will agree to whitewash the walls, paint the woodwork, and put the garage in proper shape for your use. Should this proposition be accepted by you, please confirm by letter promptly, in order that I may secure the place for you by November 1, 1922.
"Your very truly, Sidney S. Riggs."

"United States Post Office—First Class.

"Charleston, S. C., Oct. 12, 1922.
"Mr. Sidney S. Riggs, 123–125 E. Bay St., Charleston, S. C.—Dear Sir: Receipt is acknowledged of your letter of even date relative to the renting of garage on State street just north of Broad. In reply, I beg to advise that the agreement as stated therein meets with my approval. You may take the necessary steps to secure the place and put same in proper shape for my occupancy on November 1st.
"Very truly yours,
"E. H. Jennings, Postmaster,
"By J. G. Thomas, Supt. of Mails.
"T/m"

Under the foregoing contract, the premises were by the terms thereof rented from month to month, and for that reason the plaintiff's case must fail.

The plaintiff contends, however, that, even if the original contract is contained in the two foregoing letters, nevertheless the letter of October 17, 1922, was substituted therefor and became the contract between the parties. The evidence does not bear out the plaintiff in this contention. The evidence shows that the letter of October 17, 1922, was prepared at the suggestion of a post office inspector, and was evidently intended to be held by the postmaster subject to acceptance of the Post Office Department, in case the department should desire to exercise the privilege of having a contract for two years' definite period, with the right to renew for two additional years. This option or privilege was never exercised by the United States. There was no acceptance of the letter of October 17, 1922. The testimony shows that the postmaster himself had no authority at that time to rent for a definite term of years, but only from month to month. In view of all the circumstances, I hold that the letter of October 17, 1922, never became a binding contract between the parties.

But, even if it be assumed that the letter of October 17, 1922, was substituted for the former contract, and became a binding contract between the parties, nevertheless, under the facts of the case, the plaintiff cannot recover, for two reasons: First, because the United States did not exercise its right of renewal for an additional period of two years; and, second, because the conduct of the plaintiff estops him from claiming that there was such a renewal. For a proper understanding of these two propositions, it will;

be necessary to state the facts more specifically.

The letter of October 17, 1922, which plaintiff claims is the contract, is as follows:

"United States Post Office—First Class.

"Charleston, S. C., Oct. 17, 1922.

"Subject: Agreement for rental of U. S. post office garage at Charleston, S. C.

"Agreement is hereby made to rent garage situated at No. 4 State street, to the U. S. Post Office Department of Charleston, S. C., for a period of two (2) years at a rental of $125 per month (payable monthly) from November 1, 1922, with the privilege of renewing the agreement for two additional years at the same rate of rental. I further agree to keep the garage in good condition for proper conduct of the work, and to whitewash or paint same when necessary.

"Sidney S. Riggs."

The United States entered into possession of the premises on November 1, 1922, and occupied the same continuously to November 1, 1924, paying the rent therefor each month. A short time prior to November 1, 1924, the United States changed its policy in reference to renting garages from month to month only, and decided to obtain five or ten year leases. The plaintiff knew of this change of policy on the part of the United States. He was so informed about October 23, 1924, certainly before November 1, 1924. The United States, a short time after November 1, 1924, called for bids for a garage at Charleston for five or ten years lease. The plaintiff put in a bid for the same garage which the United States was then occupying and an additional garage, so as to give additional space; but, upon being advised by the government officials that the United States would not consider renting more than one garage, he withdrew that bid and put in another bid for this same garage, upon the same terms under which the government was then renting, except that the period was to be for ten years, from January 1, 1925. This bid of the plaintiff is dated November 20, 1924. At that time, the plaintiff knew that the government would need only one garage at Charleston, and that if his bid was not accepted, and the bid of some one else was accepted, the government would vacate his garage.

The government continued to occupy his premises after November 1, 1924, until the end of February, 1925, and paid the rent for those four months. The plaintiff's bid was rejected and the government accepted the bid of another and plaintiff was so notified on December 31, 1924, and was then told that the government would continue to occupy his premises until the successful bidder's garage could be put in shape for occupancy; it might be for one, two, or three months. He made no objection to the government thus continuing in possession of his premises. Neither at the time that the government called for bids, nor when the plaintiff put in his bid, nor at the time when he was notified that the bid of another had been accepted, did he make any objection to the action of the government, nor any claim that he would hold the government to the alleged contract of October 17, 1922, but stood by and permitted the government to go ahead with its plans for removing from his garage to the garage of the successful bidder.

On February 26, 1925, the postmaster wrote the plaintiff that the United States would vacate the garage on February 28, 1925, and on February 27, 1925, after the United States had accepted another bid and had prepared to move into another garage, the plaintiff wrote the postmaster and for the first time made any claim that the United States was bound by contract to continue to rent the premises for two years more, and in this letter plaintiff did not base his claim on the ground that the United States had by occupancy and payment of rent renewed the contract, but rested it on the ground that the United States had failed to give notice sixty days before November 1, 1924, of its intention to vacate.

[2] The first question under this branch of the case is (assuming that the letter of October 17, 1922, constituted the contract between the parties) whether the government's continuing in possession and paying the rent after November 1, 1924, constituted a renewal of the contract, so as to bind the government and the plaintiff. I do not think that the mere holding over and payment of rent under a contract like the present constitutes a renewal. The privilege given is not of holding on, or of electing to stay there two years longer, but it is the privilege of "renewing the agreement." This means that there must be a new contract. The mere holding over and payment of rent is not sufficient to show a new contract, especially in this case, where the circumstances and conduct of the parties negative such intention.

The cases hold that, where the privilege is one for "renewal," and not for an extension of the term, the holding over and payment of rent are not sufficient to constitute a renewal of the contract. Leavitt v. May-

kel, 89 N. E. 1056, 203 Mass. 506, 133 Am. St. Rep. 323; Callahan v. Michael, 90 N. E. 642, 45 Ind. App. 215; Street-Whittington Co. v. Sayres (Tex. Civ. App.) 172 S. W. 772; Quinn v. Valiquette, 68 A. 515, 80 Vt. 434, 14 L. R. A. (N. S.) 962.

[3] But in any event the plaintiff is estopped to maintain his case. Knowing that the government was about to change from month to month leases to long-term leases, and was calling for bids, the plaintiff actively participated in the same, and stood by and allowed the government to accept the bid of another, and made no claim that the government was bound to him by a two years renewal contract, until after the government had accepted such bid, prepared to move from his garage to the garage of the successful bidder, and had given him notice that it would vacate his premises. This is a clear case of estoppel.

[4] It has been suggested that, when the government held over, after November 1, 1924, and paid rent, it thereby became a tenant from year to year under the law of this state. But the holding over and payment of rent do not always necessarily justify the inference that the parties intended a tenancy for year to year. The circumstances of the case may negative such intention. In the case at bar, the circumstances all negative the intention to create a tenancy from year to year. See Matthews v. Hipp, 44 S. E. 577, 66 S. C. 162. Moreover, the plaintiff has not sued on a contract of tenancy from year to year. He has sued on an alleged renewal of the contract contained in the letter of October 17, 1922. In no aspect of the case is the plaintiff entitled to recover anything.

It is therefore ordered, adjudged, and decreed that the plaintiff has failed to make out a case entitling him to any relief, and that the complaint be and is hereby dismissed.