(127 So. 516)

## FEIDELSON v. PIGGLY WIGGLY ALABAMA CO., Inc.

### 6 Div. 587.

Supreme Court of Alabama.
March 20, 1930.

Rehearing Denied April 17, 1930.

Ewing, Trawick & Clark and Louis Silberman, all of Birmingham, for appellant.

Wm. S. Prichard and John D. Higgins, both of Birmingham, for appellee.

SAYRE, J.

This action was brought to recover rent of certain described premises for the months of October and November, 1927. Construing the lease in writing exhibited with the complaint, the court sustained defendant's demurrer, whereupon plaintiff suffered a nonsuit and appeals, as provided by section 6431 of the Code.

The result turns upon the proper construction and effect of the written contract of lease by and between plaintiff's assignor and defendant corporation of July 3, 1922, by which the lessee, defendant, appellee, took the premises for a term of five years beginning October 1, 1922, and ending September 30, 1927. The lease contained the following option:

"In the event the lessee does not desire to renew this lease, upon the expiration thereof, lessee shall notify the lessor, in writing, at least six months prior to the termination thereof; if, six months prior to the date of termination, no such written notice shall have been given lessor by lessee, this lease shall be deemed to have been .extended for a period of five years at the option of the lessor, subject to all of the terms, conditions and covenants. The right of renewal of this lease and all of its terms, conditions and covenants are hereby given the lessee for a period of five years, provided that such right of renewal is exercised prior to the termination of this lease."

The allegation of count H, which may be accepted as the most complete statement of plaintiff's case, is, briefly to recapitulate, that no written or other notice that defendant did not desire to renew the lease was given by defendant lessee to plaintiff or his assignor, lessor, on or before April 1, 1927, and that plaintiff on April 7, 1927, did notify defendant that plaintiff had exercised his option to extend the lease for the term of five years beginning on October 1, 1927, under the terms and condition of the original lease agreement, but that defendant had failed for two months to pay the agreed rent. Defendant's demurrer was sustained. Hence this appeal.

The specific question between the parties is whether the lease agreement and the facts alleged as to its renewal or extension—whichever may be the proper term—show the relation of landlord and tenant between plaintiff and defendant during the months for which rent is claimed, viz., October and November, 1927.

Stated otherwise, the question is whether a paper writing executed by and between the parties was necessary in order to set up the relation of landlord and tenant at an agreed rental between the parties for and during the months for which plaintiff claimed rent. Plaintiff relied in the main upon the decision in City Garage & Sales Co. v. Ballenger, 214 Ala. 576, 108 So. 257, 259. That was the case of a bill in equity to enjoin a suit in unlawful detainer and to enforce an option to renew a lease. The court held that an option to renew a lease on the same rental basis embodied in the lease was, in equity, *a part of the estate granted*, and passed to the assignee of the lessee. As to that there is no dispute. The question now is whether a legal right to rent as such passed to plaintiff on the facts alleged in the complaint.

Appellee quotes the opinion, in City Garage v. Ballenger, supra, as follows: "This feature of the lease"—referring to the stipulation for renewal or extension—"is executory in character. The tender by the lessee of a renewal lease conforming to the terms of the option, with request for its execution, all the obligations of the lessee having been met, was an exercise of the option, entitling him to specific performance in equity upon refusal of the lessor to execute the renewal lease. * * * Equity, treating that as done which ought to be done regards the lessee as rightfully holding the possession."

And appellee lays stress upon this language: "This feature of the lease is executory in character." We think it may with propriety be added that a stipulation for an extension is executory likewise.

Quite a number of the adjudicated cases learnedly—how usefully we need not say— discuss the difference between a stipulation in a written lease for a renewal and a stipulation for an extension. They say: "A provision in a lease for its continuance * * * does not, as does a covenant to renew, involve an agreement to make a new lease." Mecklenburg Real Estate Co. v. Kyoleum Co., 142 Tenn. 295, 218 S. W. 821, 822, 14 A. L. R. 944. To quote Riggs v. United States (D. C.) 12 F.(2d) 85, 87: "The cases hold that, where the privilege is one for 'renewal,' and not for an extension of the term, the holding over and payment of rent are not sufficient to constitute a renewal of the contract." The matter is summed up in 35 C. J. 1025: "A covenant to renew is, according to one view, strictly construed as a covenant to grant an estate, and not a present demise, as distinguished from a covenant to extend, so as of itself and alone to continue the tenancy for the renewal period, hence, it calls for a new lease, or a formal extension of the existing lease, or something equivalent thereto, without which the tenant cannot strictly retain possession as against the lessor in a court of law, by relying merely upon the covenant to renew." Upon this rule the defendant relies. It is said, however, "to yield to the contrary intention of the parties evidenced by their agreement, or by their practical construction of the contract."

The other view is that "a covenant or agreement to extend the term of a lease for a time specified is not a covenant to renew, but a present demise which becomes operative immediately upon the exercise of the option conferred, and takes effect at the expiration thereof, and is subject to all the conditions and covenants of the original lease. No new lease or other writing is necessary to extend the term, although there is some authority to the contrary." 35 C. J. 1026. This court in Tennessee Coal, Iron & R. Co. v. Pratt Consolidated, 156 Ala. 448, 47 So. 337, held to the last-stated view, citing cases in which it had been decided that a lease for ten years, with a provision that it should be renewed for ten years longer, is a lease for twenty years.

Tiffany's Landlord and Tenant, 1514, et seq., contains a recital of the difference between the cases in substantially the same language.

In Hopkins Realty Co. v. Kirschbaum, 84 Misc. Rep. 51, 145 N. Y. S. 882, 883, followed in Manhattan Realty Appraisers v. Marchbank, 87 Misc. Rep. 336, 149 N. Y. S. 834, it was_ held that a stipulation "that this letting and hiring shall be deemed to be, and shall be, extended and renewed * * * unless either party on or before the first day of July next ensuing after the commencement of any term granted hereby, shall give notice," operated as an automatic renewal.

We have quoted the language of the lease in this case. It requires the lessee, if he does not desire to renew the lease, to notify the lessor, etc. The allegation is that he did not so notify the lessor. The further stipulation is that, in the event no such notice is given, "this lease shall be deemed to have been extended for a period of five years at the option of the lessor." And then the stipulation is that "the right of renewal" is given for five years. Evidently the parties in framing the lease had not in mind the learning on the subject of renewals and extensions, else they would have avoided the difficulty by which they are now harassed. The judgment here is that, notwithstanding the rule to construe contracts of lease most strongly against the lessor, looking to the whole instrument (People's Bank & Trust Co. v. Tissier Hardware Co., 154 Ala. 106, 45 So. 624; Greenwood v. Bennett, 208 Ala. 680, 95 So. 159), and construing the lease according to the intention of the parties—as that intention is inferable from the language used, even though a leaning to technical construction is indulged—the lease must be held to have been extended by reason of the fact that the lessee held over without giving notice of an election not to renew. This conclusion, we apprehend, is not in conflict with anything held or said in City Garage v. Ballenger, supra. The terms of the lease in that case are not fully stated, but merely their effect. Moreover, no reason appears why, the fact of extension resting in parol, either party may not have the right to put the evidence of the extended term into the shape of a permanent and indisputable memorial by a resort to equity, as was done in that case.

We are therefore at the conclusion that the ruling whereby the trial court sustained the demurrer to count H of the complaint was error. Of the earlier rulings by which demurrers were sustained · to other counts, these rulings having been made in advance of the filing of count H, nothing need be said at this time. In this connection, however, we refer to Engle v. Patterson, 167 Ala. 117, 52 So. 397; Priebe v. Southern R. Co., 189 Ala. bottom page 434, 66 So. 573; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.