(116 So. 310)

HARTFORD FIRE INS. CO. v. OWEN et al.
(5 Div. 699.)

Court of Appeals of Alabama. April 3, 1928.

George C. Douville, of Dadeville, for appellant.

James W. Strother, of Dadeville, for appellees.

Brief did not reach the Reporter.

RICE, J. This is a suit brought by appellant against appellees, as sureties on a bond executed by one Edwards, a local agent of appellant, which bond obligated said Edwards to faithfully discharge his duties as such local agent, and to pay over and deliver to appellant, at the proper time, all moneys and other things of value belonging to it coming into his hands as such agent.

The cause proceeded to trial upon three counts of the complaint, each of which counts purported to allege a breach of said bond by Edwards in failing to account for and pay over to plaintiff all premiums, premium notes, and proceeds of such notes coming into his hands on or for policies of insurance, and discharging the indebtedness or liability due from him to said plaintiff company.

Upon the taking of testimony, plaintiff, in seeking to make out its case, offered in evidence certain "daily reports of business written by Edwards," and certain "journal sheets" as being the book of original entries kept in its office, with the account of Edwards, made up from these "daily reports" upon it.

Upon the court's sustaining appellees' objections to the introduction in evidence of said "daily reports of business" and said "journal sheets," appellant asked for a nonsuit with a bill of exceptions, which was granted, and brings this appeal.

The necessity for taking the nonsuit, referred to in the statute authorizing such appeals (Code 1923, § 6431), seems to us to be shown by the record (Ex parte Martin, 180 Ala. 620, 61 So. 905).

Appellant could not prove all its case at once, and if it was to be denied to introduce its account against Edwards, shown to have been kept by a proper agent or officer, and shown to have been made up from "daily reports" bearing the genuine signature of Edwards, we are unable to see how it could have ever gotten before the jury its claim of a shortage in Edwards' said account. The testimony excluded was, in our opinion, vital to its case, and competent and admissible.

We consider no other rulings than those discussed above, which made it necessary for plaintiff to suffer the nonsuit. Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11.

For the error in sustaining appellees' objections to the introduction in evidence of the "daily reports of business" and the "journal sheets," above, the judgment is reversed and the cause remanded.

Reversed and remanded.